**CHIPPS, David Elliot, Appellant,**

v.

**U.S.D.C. FOR THE M.D. OF PA; U.S.D.C. Judge William Nealon; U.S. Court of Appeals for the Third Circuit; and U.S. Third Circuit Court Judge Collins Seitz.**

No. 88–5876.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) May 30, 1989.

Decided Aug. 14, 1989.

David Elliot Chipps, Wilkes–Barre, Pa., pro se.

James J. West, U.S. Atty., Robert J. De-Sousa, Asst. U.S. Atty., Scranton, Pa., submitted a brief for appellee.

Before LUMBARD, NEWMAN and MINER, Circuit Judges.*

## OPINION OF THE COURT

JON O. NEWMAN, Circuit Judge:

David Elliot Chipps appeals *pro se* from two orders of the District Court for the

---

* The Honorable J. Edward Lumbard, Jon O. Newman, and Roger J. Miner of the Second Circuit, sitting by designation.

Middle District of Pennsylvania (Richard P. Conaboy, Judge), dated October 7 and October 28, 1988. The appeal, which is on submission, was assigned to the members of this panel upon their designation by the Chief Justice of the United States to serve as a panel of the Third Circuit.

The underlying lawsuit is the fourth in a series of suits filed by Chipps in the District Court for the Middle District of Pennsylvania concerning a dispute over his obligation to repay a student loan incurred while he was a student at Kings College in Wilkes-Barre, Pennsylvania. Having unsuccessfully sued Kings College and the United States Department of Education, Chipps filed this fourth lawsuit, naming as defendants the District Court for the Middle District of Pennsylvania and one of its judges and the Court of Appeals for the Third Circuit and one of its judges. The complaint alleges that the defendants erred in rulings made in the second of Chipps' lawsuits; damages and declaratory relief are sought.

In the order of October 7, Judge Conaboy dismissed the suit on the ground that it was repetitious of Chipps' three prior lawsuits and an improper way to complain about prior adverse judicial rulings. Declining to impose monetary sanctions under Fed.R.Civ.P. 11 because of Chipps' status as an indigent litigant, Judge Conaboy issued an order to show cause why Chipps should not be enjoined from filing any complaint or other paper without obtaining prior leave of the District Court. On October 28, after considering a response from Chipps, which included a representation that he planned to pursue his grievances with still more litigation, the District Court issued an injunction limiting Chipps' access to the District Court, as contemplated in the show cause order.

██ The ruling of October 7, dismissing Chipps' latest lawsuit, was plainly correct. Chipps has repeatedly presented his claims without success to the District Court, the Court of Appeals, and the Supreme Court. His fourth suit, complaining about the courts and judges who ruled against him, was properly characterized by Judge Conaboy as "clearly frivolous."

██ As to the ruling of October 28, restricting Chipps' access to the District Court, this Court has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court. See *Gagliardi v. McWilliams*, 834 F.2d 81 (3d Cir.1987); *In re Oliver*, 682 F.2d 443 (3d Cir.1982). In this case, Chipps was afforded notice and the opportunity to respond that *Gagliardi* and *Oliver* require. There can be no doubt that Chipps' series of lawsuits, assessed in light of his announced plans to file still more suits, fully supported the District Court's conclusion that some restriction on Chipps' litigating opportunities was required.

Our only concern is with the scope of the relief that was ordered. In *Gagliardi* we cautioned that a judge fashioning a remedy to curtail a vexatious litigant should consider limiting relief "to the preclusion of future lawsuits arising out of the same matters that were the subject of the [prior] dismissed actions." 834 F.2d at 83. Chipps' abuse of the court system has thus far been confined to his dispute concerning his student loan at Kings College. Though a district court has authority to require court permission for *all* subsequent filings once a pattern of vexatious litigation transcends a particular dispute, we conclude that on the present record, the scope of the District Court's order should be limited to any complaint or other paper *in any way* concerning Chipps' attendance at Kings College, his student loan, the collection of that loan, or any rulings by any administrative or judicial officers concerning the aforesaid matters. The Clerk of the District Court should be instructed not to file any papers that Chipps may submit in violation of the District Court's order, as modified on remand in light of this decision. We caution Chipps that the District Court's order is enforceable by contempt penalties and that vexatious litigation in any court, even if not within the scope of the District Court's order as modified, may subject him to other sanctions.

Affirmed in part and remanded in part for entry of a modified order consistent with this opinion. No costs.