STATE OF COLORADO ex rel. COLO-
RADO JUDICIAL DEPARTMENT;
Hall and Evans; Cooper and Kelley,
P.C.; Law, Knous and Keithley; Su-
semihl, Lohman, Kent, Carlson, and
McDermott, P.C.; Montgomery, Little
Young, Campbell and McGrew; and
Huston and Woodhouse, P.C., Plain-
tiffs,

v.

Jack E. FLEMING, Defendant.

Civ. A. No. 88–F–1590.

United States District Court,
D. Colorado.

Dec. 5, 1989.

Neil L. Tillquist, Asst. Atty. Gen., Den-
ver, Colo., for State of Colo. ex rel. Colora-
do Judicial Dept.

Gary Cowan, Colorado Springs, Colo., for
Hall & Evans.

Kim Childs, Charles R. Ledbetter, Den-
ver, Colo., for Cooper & Kelley.

John Law, Denver, Colo., for Law, Knous
and Keithley.

Stanley Kent, Colorado Springs, Colo.,
for Susemihl, Lohman, Kent, Carlson &
McDermott.

Robert Montgomery, Englewood, Colo.,
for Montgomery, Little, Young, Campbell
& McGrew.

Fred Huston, Golden, Colo., for Huston
& Woodhouse.

James A. Carleo, Colorado Springs, Colo.,
for Jack E. Fleming.

Jack E. Fleming, pro se.

## AMENDED ORDER OF PERMANENT INJUNCTION

SHERMAN G. FINESILVER, Chief
Judge.

THIS MATTER is before the court on
remand by the United States Court of Ap-
peals for the Tenth Circuit. Order and
Judgment, *State of Colorado ex rel., et al.
v. Jack E. Fleming*, No. 89–1040, slip op.
(10th Cir. October 10, 1989).

## I. BACKGROUND

### A. DISTRICT COURT

Mr. Fleming has initiated no less than six
lawsuits in a *pro se* capacity in the United
States District Court for the District of
Colorado. *See* Appendix A. Most of the
suits challenge state court rulings against
Mr. Fleming and charge violations of Mr.
Fleming's constitutional rights. Many of
the defendants are judges who have en-
tered rulings or judgments against Mr.
Fleming, opposing attorneys and law firms,
and others who participated in suits involv-

ing Mr. Fleming. Mr. Fleming has also initiated no less than six lawsuits in a *pro se* capacity in Colorado state courts. *See* Appendix B. The records in all of the cases reflect a history of frivolous complaints and abusive litigation tactics intended to harass and intimidate opposing parties, opposing attorneys and court officers.

On October 3, 1988 the State of Colorado and others filed a complaint, seeking protection from Mr. Fleming's unmeritorious and abusive *pro se* civil actions. On November 14, 1988 Mr. Fleming filed his answer. The answer contained counterclaims, alleging violations of Mr. Fleming's constitutional rights secured by 42 U.S.C. §§ 1983 and 1985. Plaintiffs moved to dismiss Mr. Fleming's counterclaims. Trial to the court was held and evidence presented on January 6, 1989. By Order of January 18, 1989 we granted the plaintiffs' motion to dismiss Mr. Fleming's counterclaims. In that Order we also enjoined Mr. Fleming from proceeding as the proponent of any civil action in this District in a *pro se* capacity. The court entered the following findings of fact on January 18, 1989 which are reaffirmed:

> [F]or the reasons stated below, judgment is entered in favor of plaintiffs and against defendant on their claims, and defendant's counterclaims are dismissed.

> Although there is a constitutional right to access to the courts, there is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir.1981). In order to protect the rights of other litigants to access to the courts, and to protect defendants from harassing, abusive, and meritless litigation, courts have authority to place reasonable restrictions on litigants who abuse the judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir.1981), *cert. denied,* 450 U.S. 985 [101 S.Ct. 1524, 67 L.Ed.2d 821] (1981);

*Theriault v. Silber,* 574 F.2d 197 (5th Cir.1978), *cert. denied* 440 U.S. 917 [99 S.Ct. 1236, 59 L.Ed.2d 468] (1979); *People of the State of Colorado v. Carter,* 678 F.Supp. 1484, 1486 (D.Colo.1986).

The court finds that enjoining Mr. Fleming from proceeding as a *pro se* plaintiff in this district is a reasonable restriction, warranted by his abuse of the legal process. Mr. Fleming filed six cases in Federal court in this district in two years. Those cases are summarized in Appendix A to this order. Appendix A also lists Colorado state court actions filed by Mr. Fleming.

Mr. Fleming has filed duplicative causes of action which are frivolous, vexatious, and without legal merit. For example, after Mr. Fleming did not prevail in an action stemming from the dissolution of a partnership agreement, he filed a second cause of action arising out of the same partnership agreement. *Fleming v. Seeger,* 85CV1884 (El Paso District Court). After summary judgment was entered against him in that action, he filed a third action against his opponent's attorneys. *Fleming v. Kent,* 85CV4299-9 (El Paso District Court). He also filed a grievance against his opponent's attorney with the Colorado Supreme Court. When that grievance was dismissed, he filed an action in federal court to review the decision of the Colorado Supreme Court. *Fleming v. Quinn,* 86-F-1923. His action was dismissed, and the dismissal was affirmed on appeal. *Fleming v. Quinn,* 87-1559 (10th Cir. slip op., November 2, 1987). Meanwhile, after Mr. Fleming's third state court action was dismissed, he filed another action, this time in federal court, against his former opponent, the presiding judge, his opponents' attorneys, and his opponents' insurer. *Fleming v. Cannon,* 86-M-2011. The case was dismissed.[1] Another federal action was

---

1. The dismissal was affirmed on appeal to the United States Court of Appeals for the Tenth Circuit. *Fleming v. Cannon,* 88-2931, slip op. (10th Cir. July 3, 1989). The Court of Appeals found that Mr. Fleming's appeal was frivolous. The Court of Appeals affirmed the District

Court's judgment and remanded the case to the District Court to determine the amount of sanctions to be assessed against Mr. Fleming for pursuing a legally frivolous appeal. The District Court was directed to look at the principles that have evolved in the interpretation of Rule

filed against a state judge who refused to grant Mr. Fleming's motion for relief from judgment in the third state court action. *Fleming v. Anderson*, 88–C–488. That case was dismissed, and fees were assessed against Mr. Fleming.

Similarly, after Mr. Fleming had summary judgment entered against him in a legal malpractice action, *Fleming v. Kofoed*, 85CV10062–1 (Denver District Court), and fees were assessed against him, Mr. Fleming brought suit against the presiding judge, his former opponents, and his opponent's insurer, in federal court. *Fleming v. Rothenburg*, 88–F–490. That action was dismissed. Mr. Fleming brought the same malpractice claims again in state court. *Fleming v. Visciano*, 86CV4339–9. Summary judgment was granted against Mr. Fleming, and fees were assessed against him. Again, Mr. Fleming sought review of that decision in federal court by suing the presiding judges, his opponents, his opponents' attorneys, and his opponents' insurer. *Fleming v. Martin*, 88–F–489. This case was dismissed.

Finally, Mr. Fleming had summary judgment entered against him in an action on a promissory note. Mr. Fleming sought review of that decision in federal court by bringing suit against the presiding judges, his opponents, and his opponent's attorneys. 88–C–487. That case was dismissed, and fees were assessed against Mr. Fleming.

Mr. Fleming has refused to follow standard methods of appeal. After the earliest of Mr. Fleming's losses in state court, he correctly sought review in the Colorado Court of Appeals, and the Colorado Supreme Court. Mr. Fleming has testified before this court, however, that he now does not believe that the Colorado Court of Appeals is interested in his problems, and that he believes that the state courts are not obligated to protect his rights under the Federal Constitution. Hence, he decided that he would no longer appeal adverse rulings to the Colorado Court of Appeals, but rather would bring suit against the state judges and his opponents' attorneys in federal court.

Mr. Fleming has been informed repeatedly, both by the United States District Court, and the Tenth Circuit Court of Appeals, that federal courts have no jurisdiction to review the decisions of state judicial officers. The Tenth Circuit Court of Appeals' decision on the first of Mr. Fleming's cases is attached to this order as Appendix B. Clearly, Mr. Fleming has not responded to the courts' orders, since all of his federal cases are attempts to review the judgments of state courts.

Mr. Fleming has shown a lack of regard for court procedures and rules. As stated above, Mr. Fleming has been repeatedly assessed attorneys' fees in his *pro se* actions. In his second state court action arising out of his claims of legal malpractice, Mr. Fleming was jailed for three days for contempt of court for refusal to co-operate in the court's order of Rule 69 examinations. Mr. Fleming's multiple filings also show a lack of regard for the court's resources and the rights of other litigants to access to the court.

Although Mr. Fleming's initial state court lawsuits may have been based on his good faith belief of legal right to recovery, his later litigation evinces his willingness to file actions for vexatious and harassing purposes, with total disregard for the legal merits of the action. Mr. Fleming has been informed by court after court that he cannot bring suits against attorneys or judges to review decisions adverse to him, but he has continued to do so. His correspondence with his opponents reveals that he brings his lawsuits because he believes that fear

---

11 Fed.R.Civ.P. in assessing the amount of the sanction to which defendant Cannon is entitled pursuant to Rule 38 Fed.R.Civ.P. and 28 U.S.C. § 1912.

Upon Mr. Fleming's request, an oral hearing was scheduled in the District Court for November 16, 1989. Mr. Fleming failed to appear for the hearing. The District Court entered judgment in favor of defendant and awarded attorneys' fees for the 17 hours expended opposing the appeal.

of pending litigation will give him leverage in his disputes. For example, one letter to attorney Frank Visciano dated February 11, 1986 demanded a settlement of pending lawsuits, and speculated that if a claim were filed against him, Mr. Visciano's professional liability insurance rates would skyrocket. The letter also pointed out that defending the suit would be expensive and time consuming. Finally, the letter reminded Mr. Visciano that Mr. Fleming did not have to operate under the Code of Professional Responsibility. Plaintiffs' Exhibit 9. A letter to attorney Kim Childs dated April 27, 1988 threatened to file an additional suit against Mr. Childs, and suits against judges which would duplicate previous suits. The letter pointed out that Mr. Childs would be the only attorney in the country with three civil rights suits pending against him, and that two civil rights suits would be pending against his clients. Plaintiffs' exhibit 13. In a letter to attorney William Huston dated June 29, 1988, Mr. Fleming demanded that a judgment against him be voided and money returned, and threatened that future lawsuits would be filed against Mr. Huston, his clients, and the judges if Mr. Fleming's demands were not met. Plaintiffs' Exhibit 17. Mr. Fleming testified before this court that he does not retain attorneys to represent him in his lawsuits because he finds the prohibitive cost of attorneys inhibits his access to the courts. Mr. Fleming does not seem to be concerned with the fact those he brings suits against are thereby forced to incur legal fees.

Finally, Mr. Fleming has misled the courts before which he has appeared. In his legal malpractice case, Mr. Fleming retained an expert to render an opinion as to the performance of Mr. Fleming's former attorneys. In his deposition, however, Mr. Fleming's expert stated that his opinions were based on inaccurate information given to him by Mr. Fleming. In another case, *Fleming v. Seeger*, 86CV2237–3 (El Paso District Court), Mr. Fleming attempted to collect on a note from his former partner, despite the fact that the note had already been paid by the former partner in previous litigation. *Bank of the Rockies v. Fleming*, 88CV1985–6 (El Paso District Court).

The court finds that remedies at law have proven ineffective in preventing Mr. Fleming's abuse of the legal process. Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. Section 1927 both provide courts with power to sanction abusive *pro se* litigants. However, repeated sanctions against Mr. Fleming, and even incarceration for civil contempt, have proven ineffective in deterring Mr. Fleming's pattern of litigation. Mr. Fleming's financial situation prevents monetary sanctions from being effective. Indeed, in responding to a motion for sanctions in this case, Mr. Fleming argued, through his attorney, that sanctions should not be imposed against him because he is unemployed.

Plaintiffs move to dismiss defendant's counterclaim. This court has found that an injunction against defendant's filing of pro se litigation is appropriate, and does not violate defendant's constitutional rights. The counterclaim should therefore be dismissed.

The court entered the following orders enjoining Mr. Fleming from proceeding as the proponent of a *pro se* lawsuit in this District:

ACCORDINGLY, it is hereby ORDERED that Mr. Jack E. Fleming is ENJOINED from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court.

IT IS FURTHER ORDERED that all cases pending in the United States District Court for the District of Colorado in which Mr. Fleming is a plaintiff, and in which he does not employ counsel to represent him within thirty days, shall be subject to dismissal.

IT IS FURTHER ORDERED that the Clerk of the Court is directed not to accept any new pleadings initiating a civ-

il action by Mr. Jack E. Fleming unless he is represented by an attorney licensed to practice in the State of Colorado and by the United States District Court for Colorado.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiffs and against defendant on plaintiff's claims. Each party to pay its own costs.

IT IS FURTHER ORDERED that defendant's counterclaims are dismissed.

## B. COURT OF APPEALS

The United States Court of Appeals for the Tenth Circuit affirmed the dismissal of Mr. Fleming's counterclaims, but reversed the permanent injunction. *State of Colorado ex rel., et al. v. Fleming,* No. 89–1040, slip op. (10th Cir. October 10, 1989). The Court of Appeals entered the following Order and Judgment:

[J]ack E. Fleming appeals from an amended judgment of the district court which restricted Fleming's abusive and frivolous pattern of litigation as a pro se plaintiff. [The Tenth Circuit cites this court's Order entered January 18, 1989].

The district court's order was entered on a complaint filed in the district court by the State of Colorado and others seeking protection from Fleming's unmeritorious and abusive pro se civil actions. Fleming counterclaimed in that action alleging a violation of his constitutional rights secured by 42 U.S.C. §§ 1983 and 1985. In its judgment the district court also granted the plaintiff's motion to dismiss Fleming's counterclaims.

We attach and incorporate herein the district court's opinion, inclusive of its accompanying appendix. That opinion abundantly establishes Fleming's pattern of frivolous, abusive, and malicious litigation in which, among other abuses, he has misused the judicial system to harass and attempt to intimidate public officials, attorneys, and other of his fellow citizens.

The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. Injunctions are proper where the litigant's abusive and lengthy history is properly set forth, as has been done in this case. *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989). *See also Matter of Davis,* 878 F.2d 211, 212 (7th Cir.1989).

We affirm the district court's conclusions that restrictions can and should be placed upon Fleming's pro se filings as a plaintiff in the district court. However, the restriction selected, i.e., that of prohibiting an appearance without a licensed attorney, is too broad. In this respect, we agree with the only other circuit which has considered a similar restriction. *See Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986) (en banc). In *Procup* the Eleventh Circuit reasoned that if it upheld the requirement that no suit could be filed pro se, the reputation of the individual in question, and his history of suing lawyers, "may well foreclose [the litigant] from filing any suits at all." *Procup v. Strickland,* 792 F.2d at 1071. That reasoning applies in Fleming's case as well.

We do not mean to imply that severe restrictions may not be placed upon Fleming with respect to his pro se plaintiff filings, only that the restrictions must be less broadly tailored. Examples of such restrictions are contained in *Tripati v. Beaman,* and *Matter of Davis,* cited above. Obviously, there are others available as well.

In view of our affirmance of the district court's conclusion that the plaintiffs are entitled to equitable relief against Fleming, we also affirm the district court's dismissal of Fleming's counterclaims. [The Court of Appeals denied Fleming's motion to disqualify the panel].

REVERSED and REMANDED for further proceedings consistent with this opinion. The mandate shall issue forthwith.[2]

---

**2.** While this appeal was pending, Mr. Fleming filed with the United States Supreme Court a

## II. ANALYSIS

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out the functions mandated by Article III. U.S. C.A. Const. Art. 3, § 1 *et seq.* There is no constitutional right to access to the courts to prosecute an action that is frivolous, harassing, abusive or malicious. *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir.), *cert. denied,* 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981). In order to protect and maintain the integrity of our docket and protect other individuals who seek access to the court, this trial court may place reasonable restrictions on litigants who abuse the judicial process. *See Phillips,* 638 F.2d at 209; *Theriault v. Silber,* 574 F.2d 197 (5th Cir.1978), *cert. denied,* 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 468 (1979); *People of the State of Colorado v. Carter,* 678 F.Supp. 1484, 1486 (D.Colo. 1986). A part of the court's responsibility is to see that the court's resources are allocated in a manner that promotes the interests of justice. The continual processing of Mr. Fleming's frivolous lawsuits and voluminous filings does not promote that end. *See In re McDonald,* — U.S. —, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989) (per curiam).

Trial and appellate courts have the power to enjoin litigants who abuse the court system by harassing other litigants. *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir.1989). A pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court. *Chipps v. U.S. Dist. Court for M.D. Pa.,* 882 F.2d 72, 73 (3d Cir.1989). In doing so the District Court is to establish procedures for obtaining permission which should be thorough and well-crafted. *See Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir.1989); *see also Matter of Davis,* 878 F.2d 211 (7th Cir.1989) (per curiam). In implementing the appellate court's order we set forth standards necessary for the court to maintain the integrity of judicial procedures, negate abuses of the judicial process and assure fair access not only to *pro se* plaintiffs but to other litigants as well.

We are also cognizant of the Federal Rules of Civil Procedure, which are designed to ensure the just, speedy and inexpensive determination of civil actions. Fed. R.Civ.P. 1. Sanctions in the form of monetary penalties may be imposed against frivolous or vexatious litigants pursuant to Fed.R.Civ.P. 11. *Moon v. Newsome,* 863 F.2d 835 (11th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989). Dismissal of an action brought in federal court may be entered under Fed.R.Civ.P. 41(b) for the intentional refusal to comply with reasonable court orders. *See American Inmate Paralegal Ass'n v. Cline,* 859 F.2d 59 (8th Cir.) (per curiam), *cert. denied* — U.S. —, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988).

The procedures contained in this Amended Order comply with the mandate contained in the Judgment and Order of the Tenth Circuit Court of Appeals. This Amended Order is necessary to prevent Mr. Fleming's "pattern of frivolous, abusive, and malicious litigation in which, among other abuses, he has misused the judicial system to harass and attempt to intimidate public officials, attorneys, and other of his fellow citizens." Order and Judgment, *State of Colorado ex rel., et al. v. Jack E. Fleming,* No. 89–1040, slip op. at 2–3 (10th Cir. October 10, 1989).

## ORDER

The Order of January 18, 1989 is amended as follows:

IT IS ORDERED that the Clerk of the Court shall create and maintain a file with the general title "In the Matter of Jack E. Fleming." This file shall serve as the repository of all orders relating to Mr. Fleming within this district; documents submitted by Mr. Fleming pursuant to this Amended Order; and any order or minute

---

"Petition For a Writ of Mandamus, or Writ of Prohibition, or Both, Pursuant to U.S. Supreme Court Rule 27." The Petition was denied. In the Petition, Mr. Fleming alleged various violations of his constitutional rights of access to the courts, due process and equal protection.

order entered pursuant to this Amended Order. The Clerk of the Court shall also maintain a docket sheet associated with this file and shall list all documents filed therein.

Mr. Jack E. Fleming is ENJOINED from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless Mr. Fleming has first obtained leave of the United States District Court for the District of Colorado to proceed *pro se.*

The Clerk of the Court shall not accept any pleadings submitted by Mr. Fleming initiating a civil action unless Mr. Fleming is represented by an attorney licensed to practice in the State of Colorado and admitted to practice in this court, or unless Mr. Fleming has first obtained leave of this court to file the action *pro se.*

Any documents Mr. Fleming wishes to submit for filing shall be delivered to Room 145 of the Office of the Clerk, United States District Court, United States Courthouse, 1929 Stout Street, Denver, Colorado 80294. Only the Clerk of the Court or designated deputies may accept the documents. As a requisite to filing a *pro se* complaint the petitioner Mr. Fleming must file three documents:

1. Petition Pursuant To Court Order Seeking Leave To File a *Pro Se* Action. Mr. Fleming shall affix a copy of this Amended Order to the petition;

2. Affidavit in proper legal form as directed below; and

3. Copy of the complaint or claims sought to be filed in this district.

We outline the requisites Mr. Fleming must comply with in order to initiate a *pro se* civil lawsuit in this district.

## A. PETITION PURSUANT TO COURT ORDER SEEKING LEAVE TO FILE A PRO SE ACTION

Before initiating any *pro se* lawsuit in this district Mr. Fleming must file a petition pursuant to court order seeking leave to file a *pro se* action. The petition must contain the following:

(1) statement advising the court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was anyway involved in, any prior lawsuit involving Mr. Fleming, and if so in what capacity;

(2) list of all lawsuits in the United States District Court for the District of Colorado, Tenth Circuit Court of Appeals and state courts in which Mr. Fleming was or is a party; name and citation of each case, including jurisdiction; his involvement in each lawsuit; status of the lawsuit; and disposition;

(3) list of all federal or state cases in which a judgment was rendered against Mr. Fleming, if any; name and citation of each case; amount of judgment rendered against him, if any; amount of the judgment that remains outstanding; and reasons why the judgment remains outstanding;

(4) list of all federal or state cases in which a judgment was rendered in favor of Mr. Fleming, if any; name and citation of each case; amount of judgment rendered in favor of him, if any; amount of the judgment that remains outstanding; and reasons why the judgment remains outstanding; and

(5) list specifically identifying any procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution, imposed against him by any court, including all appellate courts, if any; name and citation of each case; brief statement explaining the sanctions, contempt order, attorneys' fees or jail sentence imposed, if any; type or amount of sanctions; and the outstanding amount of monetary sanctions or attorneys' fees, if any; status of the sanctions or contempt orders; and disposition.

Failure to satisfy monetary sanctions or assessment of attorneys' fees imposed against Mr. Fleming by a court may be a consideration precluding approval of the petition seeking leave to file *pro se* action.

## B. AFFIDAVIT

The affidavit shall be in proper legal form, with appropriate jurat and notarization and is to contain the following recitals:

(1) that the complaint or claims Mr. Fleming wishes to present have never before been raised by him and disposed of by any federal or state court;

(2) that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith; that the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See* Fed.R. Civ.P. 11; and

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization or entity.

We point out that any attorney or person who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. *See* 28 U.S.C. § 1927.

## C. COPY OF COMPLAINT OR CLAIMS SOUGHT TO BE FILED IN THIS DISTRICT

The complaint or claims sought to be filed in this district must comply with this Amended Order, Fed.R.Civ.P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the Local Rules of Practice.

## D. PROCEDURE AND REVIEW OF FILINGS

Whenever Mr. Fleming submits a petition pursuant to court order seeking leave to file *pro se* action, the Clerk of the Court or designated deputies will accept the documents, mark them received and immediately forward them to a United States Magistrate.

The United States Magistrate shall recommend approval or disapproval of the petition. The Magistrate shall consider the following:

(1) whether Mr. Fleming has complied with this Amended Order in all particulars;

(2) whether Mr. Fleming's complaint complies with the Federal Rules of Civil Procedure and the Local Rules of Practice;

(3) whether the complaint is frivolous, abusive, harassing or malicious;

(4) whether the claims raised in Mr. Fleming's complaint have been raised by him and disposed of by any federal or state court;

(5) whether there has been full compliance with Fed.R.Civ.P. 11 and all pleadings and filings are not violative of 28 U.S.C. § 1927;

(6) whether the complaint alleges claims against judges, court officials, public officials or any other individuals who may have immunity from suit; and

(7) such other reasonable requirements established by the court or the Magistrate.

The Magistrate shall not otherwise address the merits of the complaint.

The Magistrate shall submit proposed findings and a recommendation as to disposition of the petition to the Chief Judge of the United States District Court for the District of Colorado or his designees. Copies of proposed findings and recommendations shall be mailed to the petitioner and all interested parties who shall have ten (10) days after service thereof to serve and file written, specific objections thereto. If no such objections are timely filed, the Magistrate's proposed findings and recommendations may be accepted by the Chief Judge or his designees and appropriate orders entered without further notice. *See* Rule 603 of the Local Rules of Practice. No provision is made for oral presentations in support of the petition. *Tripati v. Beaman,* 878 F.2d 351, 354 (10th Cir.1989).

Failure to comply with the procedures and principles mandated by this Amended Order shall be sufficient grounds for denying the motion for leave to file.

The Magistrate may recommend disapproval of the petition upon false recitals in

the filings. Upon false recitals in the filings Mr. Fleming may be considered in violation of this Amended Order, and the petitioner may be subject to other orders of the court, including appropriate sanctions. The provisions contained in Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 are incorporated into this Amended Order.

In the discretion of the Chief Judge the filings may be presented directly to a district judge who shall pass on the petition, following procedures set forth herein.

If the court enters an order granting the petition, the Clerk of the Court shall cause the complaint and materials to be filed as of the date of the order. The assignment of the case shall be pursuant to the Local Rules of Practice.

All filings in the matter shall be in strict conformity with the Federal Rules of Civil Procedure and the Local Rules of Practice. We discourage any direct personal or written correspondence with the court, except as permitted under the guidelines contained herein, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of Practice.

This Amended Order shall not in any way interfere with pending actions, orders or judgments of any federal or state court involving Mr. Jack E. Fleming.

Mr. Fleming's request for a hearing prior to entry of this Amended Order is DENIED.

### APPENDIX A

### SUMMARY OF FEDERAL DISTRICT COURT ACTIONS INITIATED IN THIS DISTRICT BY JACK E. FLEMING

#### A. *Fleming v. Quinn, et al.* (86–F–1923).

An action commenced on March 30, 1986 by Mr. Fleming to challenge the Colorado Supreme Court's dismissal of a grievance filed by Mr. Fleming against an attorney. Mr. Fleming contended the dismissal of the grievance was a denial of his constitutional right to due process of law. Defendants were the Chief Justice of the Colorado Supreme Court, and the committee counsel and investigator for the Colorado attorney grievance committee.

#### 1. Trial Court

Action dismissed on March 27, 1987. The court's order stated that Federal courts will not review judgments of state courts, and that state judicial officers have immunity from suits for damages.

#### 2. Court of Appeals

Dismissal affirmed on November 2, 1987. The Tenth Circuit Court of Appeals stated that plaintiff's challenge to an adverse decision by the Colorado Supreme Court and grievance committee did not fall within the subject matter jurisdiction of the federal courts.

#### B. *Fleming v. Cannon, et al.* (86–M–2011).

Suit by Mr. Fleming commenced on September 27, 1986, challenging the judgment of a state court against him in a legal malpractice action. Mr. Fleming claimed the judgment against him violated his constitutional rights. Defendants were the state court judge, an attorney and law firm which appeared against Mr. Fleming, and his opponent's insurer.

#### 1. Trial Court

Complaint dismissed without prejudice on December 17, 1986. The court's opinion stated that the federal court would not review judgments of state courts pending on appeal within the state courts.

#### 2. Court of Appeals

Dismissal affirmed on July 3, 1989. The Court of Appeals found the appeal was legally frivolous and remanded the case to the District Court to determine the amount of sanctions to be assessed against Mr. Fleming. Upon the request of Mr. Fleming an oral hearing was held in the District Court on November 16, 1989. Mr. Fleming failed to appear for the hearing. The District Court entered judgment in favor of defendant and awarded attorneys' fees.

#### C. *Fleming v. Rhodes, et al.* (88–C–487).

Suit by Jack and Carolyn Fleming commenced on March 30, 1988 challenging the

judgment of a state court against them in an action collecting on a promissory note. The Flemings claimed the judgment against them deprived him of his constitutional rights to freedom of speech and access to the courts. The complaint also alleged a conspiracy between the defendants to violate the Flemings' rights and gross negligence. Defendants were two state court judges, two attorneys and a law firm which appeared against the Flemings, and their opponent in the state court suit.

### 1. Trial Court

Complaint dismissed and sanctions imposed for filing of a frivolous complaint on May 10, 1988. The court's order stated that federal courts have no authority to review final judgments of state courts.

### 2. Court of Appeals

Dismissal affirmed on March 7, 1989. The Court of Appeals found the appeal was legally frivolous and remanded the case to the District Court to determine the amount of sanctions to be assessed against Mr. Fleming. At a hearing on September 1, 1989 the District Court entered judgment in favor of defendants and awarded attorneys' fees. Petition to the United States Supreme Court was denied on October 2, 1989.

### D. *Fleming v. Anderson* (88–C–488).

Suit commenced on March 30, 1988 by Mr. Fleming challenging the judgment of a state court against him in a legal malpractice lawsuit. Mr. Fleming contended the judgment violated his constitutional rights. Defendant was the state court judge.

### 1. Trial Court

Complaint dismissed and sanctions imposed for filing a frivolous complaint on May 10, 1988. The court's order stated that federal courts have no authority to review final judgments of state courts.

### 2. Court of Appeals

Dismissal affirmed on March 6, 1989. The Court of Appeals found the appeal was legally frivolous and remanded the case to the District Court to determine the amount of sanctions to be assessed against Mr. Fleming. At a hearing on September 1,

1989 the District Court entered judgment in favor of defendant and awarded attorneys' fees. Petition to the United States Supreme Court was denied on October 2, 1989.

### E. *Fleming v. Martin, et al.* (88–F–489).

An action commenced by Mr. Fleming on March 30, 1988 to challenge the validity a judgment against him in a state court legal malpractice action. Mr. Fleming contended the judgment violated his constitutional rights. Defendants were three state court judges, three attorneys and a law firm who represented Mr. Fleming's opponents, and his opponents' insurer.

### 1. Trial Court

Action dismissed on May 19, 1988. The court's order stated that federal courts have no jurisdiction to review state court rulings.

### 2. Court of Appeals

Dismissal affirmed on March 8, 1989. The Court of Appeals found the appeal was legally frivolous and remanded the case to the District Court to determine the amount of sanctions to be assessed against Mr. Fleming. On July 6, 1989 the District Court entered judgment in favor of defendant and awarded attorneys' fees. Petition to the United States Supreme Court was denied on October 2, 1989.

### F. *Fleming v. Rothenberg, et al.* (88–F–490).

An action commenced by Mr. Fleming on March 30, 1988 to challenge a judgment against him in another state court legal malpractice action. Again, defendants were the state court judge, three attorneys and a law firm who appeared against Mr. Fleming, and his opponent's insurer.

### 1. Trial Court

Action dismissed on May 19, 1988. The court's order stated that federal courts have no jurisdiction to review state court rulings.

### 2. Court of Appeals

Dismissal affirmed on March 7, 1989. The Court of Appeals found the appeal was legally frivolous and remanded the case to

the District Court to determine the amount of sanctions to be assessed against Mr. Fleming. On July 6, 1989 the District Court entered judgment in favor of defendant and awarded attorneys' fees. Petition to the United States Supreme Court was denied on October 2, 1989.

## APPENDIX B

### CASES INITIATED BY JACK E. FLEMING IN COLORADO STATE COURTS

*Fleming v. Seeger,* 84CV1614–5 (El Paso District Court)

*Fleming v. Seeger,* 85CV1884 (El Paso District Court)

*Fleming v. Kent,* 85CV4299–9 (El Paso District Court)

*Fleming v. Kofoed,* 85CV10062–1 (Denver District Court)

*Fleming v. Seeger,* 86CV2237–3 (El Paso District Court)

*Fleming v. Visciano,* 86CV4339–9 (Denver District Court)