

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2006

# Bonham v. Givens

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5473

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bonham v. Givens" (2006). *2006 Decisions*. Paper 683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5473
_____

JAMES WALTER BONHAM

v.

MARIA GIVENS; PAUL KETTL; ROBERT ALLEN KIRK

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00067)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
July 25, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: July 27, 2006)

_____

OPINION
_____

PER CURIAM

Appellant James Bonham, proceeding *pro se*, filed a civil rights action under 42

U.S.C. § 1983 in United States District Court for the Middle District of Pennsylvania,

alleging a deprivation of his liberty and property in violation of due process and the

Fourth Amendment. This action against three employees of Harrisburg State Hospital ("HSH"), Maria Givens, a social worker, Paul Kettl, a psychiatrist, and Robert Allen Kirk, the Chief of Psychiatry, was in connection with his involuntary commitment to that hospital. Bonham claimed that he has been detained against his will since March 19, 2001, and that he was illegally deprived, by unnamed Harrisburg police officers, of his wallet, a Post Office Box key, and a belt. He also claimed that his mail was stolen prior to his commitment. Bonham sought release, the return of his property, and money damages. He has since been transferred to Danville State Hospital ("DSH").

The defendants moved to dismiss the complaint or, in the alternative, for summary judgment on the ground that the complaint failed to state a claim upon which relief may be granted, see Fed. R. Civ. Pro. 12(b)(6). In the alternative, the defendants contended that subject matter jurisdiction was lacking under the Rooker-Feldman doctrine. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

In an order entered on November 30, 2005, the District Court dismissed the complaint with prejudice and directed that any new complaints against the named defendants, or related to Bonham's continued involuntary commitment, could not be filed without leave of court. The court concluded that Bonham had not alleged that the requirements of the Mental Health Procedures Act ("MHPA"), 50 Pa. Cons. Stat. Ann. § 7301-7305 (West 2001), are unconstitutional, and, in any event, his commitment was in accordance with the requirements. Nevertheless, the court's decision rested on the

2

Rooker-Feldman doctrine. The court reasoned that Bonham's continued commitment to DSH had been recently affirmed by a Montour County Court of Common Pleas judge in August 2005, and his civil action sought remedies that would prevent the enforcement of the state court order continuing his involuntary commitment.

As to the taking of his property, the District Court concluded that Bonham had not shown that the defendants were personally involved. Finally, in view of the fact that Bonham had previously filed two habeas corpus petitions in connection with this commitment, Bonham v. Pennsylvania Dep't of Public Welfare, D.C. Civ. No. 02-cv-01956, and Bonham v. Pennsylvania Dep't of Public Welfare, D.C. Civ. No. 04-cv-01674, both of which were dismissed with prejudice, the court directed him to seek permission before filing any further actions in connection with the current commitment. Bonham appeals.

We will affirm. We have carefully reviewed Bonham's arguments on appeal, the District Court's prior opinions in his habeas corpus cases, and the record, and we are persuaded that the District Court's dismissal of the complaint with prejudice was proper. We first consider whether the District Court erred in concluding that Rooker-Feldman barred Bonham's action in light of Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). In Exxon Mobil, the Supreme Court clarified the scope of Rooker-Feldman and made clear that courts have applied it beyond its appropriate boundaries. See Turner v. Crawford Square Apartments III, L.P., — F.3d — , 2006 WL 1504106, at *1 (3d Cir. May 31, 2006). Our review of the District Court's application of

Rooker-Feldman is plenary.  See Parkview Assoc. Partnership v. City of Lebanon, 225 F.3d 321, 323-24 (3d Cir. 2000).

Rooker-Feldman deprives a District Court of jurisdiction, but it applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil, 544 U.S. at 284.  In Turner, the plaintiff's complaint raised federal claims grounded on the Fair Housing Act, "*not* caused by the state-court judgment but instead attributable to defendants' alleged FHA violations that preceded the state court judgment."  Turner, 2006 WL 1504106, at *4.  However, we agree with the District Court that Bonham's action, in contrast to the plaintiff's in Turner, effectively alleged injuries caused by state-court judgments authorizing the continuation of his involuntary commitment, which invited district court review and rejection of those judgments.  Exxon Mobil, 544 U.S. at 284.

Even assuming arguendo that Bonham's claims were not barred by Rooker-Feldman, his complaint would have been subject to dismissal in any event under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  Bonham was committed to HSH pursuant to section 304(c) of the Mental Health Procedures Act, 50 Pa. Cons. Stat. Ann. § 7304(c).  We agree with the District Court, who provided thorough explanations previously in denying Bonham's habeas petitions, that the defendants acted toward Bonham in accordance with the MHPA, and that his commitment was authorized by law.  See generally Doby v. DeCrescenzo, 171 F.3d 858, 871-72 (3d Cir. 1999)

4

(upholding MHPA procedures under Fourth Amendment). In addition to the August 2005 order noted by the District Court, we note that a Dauphin County Court of Common Pleas judge approved Bonham's continued commitment on February 3, 2005, following a hearing at which he was represented by a Dauphin County Public Defender.

As to taking his property, none of the named defendants had any involvement, and a defendant must be personally involved in the alleged actions for liability to attach under section 1983. See Rizzo v. Goode, 423 U.S. 362, 375-77 (1976). As to enjoining Bonham from filing any further actions concerning his current commitment without prior leave of court, we have held that district courts in this circuit may issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive and groundless litigation to obtain approval of the court before filing further complaints. See Chipps v. U.S. District Court for Middle District of Pa., 882 F.2d 72 (3d Cir. 1989).

We agree with the District Court that Bonham's three meritless civil suits warrant some restriction on his litigating opportunities. Chipps, 882 F.2d at 73; see also In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982). The court did not, however, afford Bonham the notice and opportunity to respond that are required when injunctions of this type are entered. See, e.g., Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). Because there nevertheless was a basis for enjoining Bonham, and because he did not challenge the injunction in his otherwise thorough brief on appeal, we are satisfied that there has been no abuse of discretion. Moreover, we are confidant that the District Court is aware

that Bonham has been involuntarily committed for over five (5) years and thus will freely grant him leave to file a new action should the nature of it not be groundless and repetitive.

We will affirm the order dismissing the complaint and enjoining Bonham from filing any further groundless and repetitive actions concerning his current commitment without leave of court.