**CLD-248**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4193
_____

TOMMIE H. TELFAIR; CATRINA R. GATLING, Associated Aggrieved,

v.

OFFICE OF THE U.S. ATTORNEY, Agent(s) for the Government, and Defense
Counselor(s)

Tommie H. Telfair,
                                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-2958)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(b)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 28, 2011

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 1, 2011 )

_____

OPINION
_____

1

PER CURIAM

Tommie Telfair appeals pro se and in forma pauperis from the United States District Court for the District of New Jersey's dismissal of his cause of action, the denial of his motion for reconsideration, and the issuance of limitations on his right to file documents and future civil actions in the District Court. For the reasons that follow, we will summarily affirm the District Court's August 9, 2010 order. We will also summarily affirm the October 10, 2010 order to the extent that it denies Telfair's motion for reconsideration, but we will vacate the filing restrictions and remand for further proceedings on that issue.

I.

The procedural history of this case and the details of Appellant's claims are well-known to the parties and were thoroughly explained in the District Court's opinion. Accordingly, the claims need not be discussed at length. In short, Telfair was charged and found guilty of conspiracy to distribute and to possess and distribute 1 kilogram or more of heroin, and distribution and possession with intent to distribute 100 grams or more of heroin. (D.N.J. 08-cr-0757.) His apparent girlfriend, Catrina Gatling, was later charged with one count of harboring a felon and making false statements to the DEA.[1] Meanwhile, Telfair has filed several civil actions in the District of New Jersey, which concern his and/or Gatling's arrest and prosecution. (D.N.J. 08-cv-0731, 09-cv-2806, 10-cv-0048.)

---

[1] Gatling pleaded guilty to the charge of harboring a felon. We agree with the District Court that there is no indication that Gatling is knowingly involved in this cause of action.

2

In June 2010, Telfair commenced the civil action at issue by filing a largely incoherent document entitled "Grievance Form," purportedly under the District Court's Local Civil Rule 104.1, which listed himself as the "grievant" and Gatling as an "associated grievant." He listed the "Office of the U.S. Attorneys' the Agent(s) for the Government, and Defense Counselor(s)" as the "entities grieved of." Telfair stated that he, Gatling, and "their children" have suffered injury "as a result of Ms. Gatling being used as collateral through Grievant(s) entire litigation(s)," and is "now being used as a unilateral punishment for the grievant and/or where the government is trying to dissolve Ms. Gatling's litigation in order to escape further liability." (emphasis omitted) He then requests that Gatling's prosecution be "enjoined or stayed." The document appears to make claims that Telfair's defense counsel and the prosecutors ensured that he had an unfair trial and violated his due process rights in several ways. Telfair thereafter filed a nearly identical second grievance form.

On August 9, 2010, the District Court issued an order dismissing Telfair's grievance with prejudice, explaining that he lacked standing to pursue a grievance on behalf of Gatling's constitutional rights. It then concluded that no further investigation of Telfair's claims were warranted under Local Civil Rule 104.1(e)(2).

Within ten days, Telfair filed a voluminous motion for reconsideration of the District Court's order. He stated that he was actually "challeng[ing] his continued detention," and that his arguments on behalf of Gatling were "nevertheless simultaneous to [his] chief litigation, where she is being subject to tortuous conduct derivative of [his] litigation." (emphasis omitted) He then reiterated that Gatling's arrest and prosecution

were improper and violated her constitutional rights. He also attempted to set forth several additional claims, stating, among other things, that the attorneys involved in his and Gatling's prosecutions have engaged in professional misconduct and other misdeeds, and that his arrest and trial were fundamentally unfair. Telfair then filed a "response" to his own motion for reconsideration that seemed to directly challenge his arrest and prosecution.

On October 10, 2010, the District Court denied Telfair's motion for reconsideration, issuing an 84-page opinion that impressively untangles Telfair's extensive litigation history. It determined that the "grievance" was not bona fide, that it had no authority to engage in a disciplinary review over "DEA agents, police officers, jail officials" and others, as Telfair requested, and that the allegations regarding various attorneys did not warrant further investigation or an opportunity for Telfair to submit a viable grievance. The district court also noted that his claims were a mix of civil rights and habeas challenges that had already been dismissed in other proceedings, and that his claims regarding his conviction could only be raised in a direct appeal or collateral proceedings. Further, the district court reiterated that Telfair had no standing to bring claims on behalf of Gatling.

Finally, the District Court determined that Telfair had abused the legal process by the volume and content of his filings, which show, among other things, "his apparent

disregard for judicial decisions."[2]  It therefore issued a limited preclusion order pursuant to 28 U.S.C. § 1651(a).  As to Telfair's current actions, the District Court required him to seek leave from the presiding judge "to make any pro se submission before actually making such submission."  If he did not comply, the document would be stricken from the docket and not considered by the court.  As to any of Telfair's already terminated actions, he was ordered not to make any filing except for a due notice of appeal.  With regard to any new matter that Telfair sought to initiate while acting pro se and proceeding in forma pauperis, he was required to seek leave from the Clerk to initiate such matter.  If he failed to do so, the District Court would not consider the document, and the matter would be administratively terminated.  The order exempted civil rights complaints in which Telfair asserts bona fide claims and details facts evincing that he is experiencing imminent and ongoing danger to his life or health.  The order also exempted the submission of a 28 U.S.C. § 2255 motion made in good faith and not prematurely.

Telfair now appeals.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Because Telfair's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's dismissal of the grievance as well as its denial of the motion for reconsideration.  North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (internal citation omitted).  We

---

[2] The District Court noted that, in the District of New Jersey alone, Telfair had filed 2,245 pages of documents while "systematically raising and re-raising the same claims and . . . filing the same documents many times over."

5

review an order denying a "motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error." Howard Hess Dental Labs Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). We review for abuse of discretion a decision to impose restrictions upon a plaintiff's right to commence future litigation. Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990).

The District Court has the inherent authority to discipline attorneys who appear before it, and we review decisions regarding the regulation of attorneys for abuse of process. Richardson v. Hamilton Int'l Corp., 469 F.2d 1382, 1386 (3d Cir. 1972); D.N.J. L. Civ. R. 104.1(e)(1) (stating that "attorney[s] authorized to practice law or appearing before this Court" are subject to the District Court's disciplinary authority). Further, we generally give deference to a district court's interpretation of its local rules unless the rule in question is identical in relevant respects to the Federal Rules of Appellate Procedure. Government of the Virgin Islands v. Mills, 634 F.3d 746, 750 (3d Cir. 2011).

We will summarily affirm the dismissal of Telfair's "grievance" and denial of his motion for reconsideration because his appeal from those matters presents "no substantial question." 3d Cir. LAR 27.4 and I.O.P. 10.6. The District Court appropriately dismissed Telfair's grievance pursuant to Local Civil Rule 104.1(e)(5), as the allegations against the attorneys involved in his criminal prosecution were meritless on their face and did not warrant any further investigation pursuant to Local Civil Rule 104.1(e)(2).

Further, as the District Court concluded, this cause of action was an ethics application in name only, as the majority of Telfair's allegations challenged the propriety

6

of his (and Gatling's) arrest and prosecution and/or were litigated previously. As has repeatedly been explained to Telfair, challenges to his conviction and sentence may only be brought in a direct appeal or in proper collateral proceedings. Likewise, to the extent that any civil claims "would necessarily imply the invalidity of his conviction or sentence," they are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Additionally, as the District Court determined, Telfair lacks standing to bring 42 U.S.C. § 1983 claims on behalf of Gatling. See Whitmore v. Arkansas, 495 U.S. 149, 162-63 (1990) (explaining limitations of "next friend" standing).

Just as the District Court properly dismissed Telfair's complaint, it properly denied his motion for reconsideration. He presented no basis for reconsideration, nor does he have a meritorious argument on appeal. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (stating that the rationale for a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence.").

We also consider the District Court's decision to restrict Telfair's right to file documents and future suits in the District of New Jersey. Orders restricting the filing of documents from certain litigants are within a district court's power under the All Writs Act, 28 U.S.C. § 1651. In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). A "district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute." Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (emphasis omitted). We have, however, held that a district court must comply with certain procedural requirements before issuing this type

7

of injunction against a pro se litigant. Significantly for purposes of this case, we have explained that "the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (citations omitted).

We agree with the District Court that Telfair's litigation practices likely constitute an abuse of the judicial system, warranting a limitation on his access to the courts. However, Telfair is entitled to notice before such an injunction is issued so that he may have an opportunity to show cause why he should not be enjoined. See id. Given the absence of proper notice here, we will vacate the injunction imposed and remand so that Telfair can be afforded an opportunity to respond.

For the foregoing reasons, we will summarily affirm the District Court's August 9, 2010 order. We will also summarily affirm the order entered October 15, 2010 insofar as it denied Telfair's motion for reconsideration. We will vacate that order to the extent that the District Court imposed restrictions on Telfair's access to the courts, and remand that issue only for further proceedings consistent with this Opinion. Appellant's pending motions are denied.