PAUL E. DANIELSON, Justice, concurring. While I agree with the disposition here, I write to clarify a point not included in the discussion regarding access to the court. Although the facts in the instant case did not support the circuit court’s prohibition of filing additional pleadings, it must be noted that there are in fact limited circumstances in which a court may limit an individual’s access to the court. See, e.g., Chipps v. U.S. Dist. Ct., 882 F.2d 72, 73 (3d Cir.1989) (in which the Third Circuit Court of Appeals recognized that “a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court”); Ligon v. Stilley, 2010 Ark. 418, 371 S.W.3d 615 (where this court discussed the prohibition placed on Oscar Stilley by the United States District Court for the Western District of Arkansas — which was later affirmed by the Eighth Circuit Court of Appeals — from filing any complaints against certain parties without prior approval of the court); and see Ark. R.Crim. P. 37.2(b) (2013) (a rule which specifically prohibits the filing of a second petition unless the first was denied without prejudice). |nI absolutely agree that access to the courts is of utmost importance; I simply do not want to imply that there is never an instance in which the court may limit access when proven necessary.