NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2205

_____

DANIEL KING

v.

JUDGE CHARLES B. BURR, II; JUDGE BONNIE BRIGANCE LEADBETTER;
RIVER WATCH CONDOMINIUM OWNERS ASSOCIATION


DANIEL KING; THOMAS P. GANNON, ESQ., In his own right,
                                                     Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-03751)
District Judge: Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2019

Before:  RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: February 21, 2020)
_____

OPINION[*]
_____


_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Plaintiff Daniel King appeals the District Court's order dismissing his complaint against Defendants Judge Charles B. Burr, II, Judge Bonnie Brigance Leadbetter, and Riverwatch Condominium Owner's Association. Because the District Court properly dismissed the complaint as repetitive, abusive, and frivolous, we will affirm.[1] We will also grant Riverwatch's request for attorneys' fees against King's attorney, Thomas P. Gannon.

This is the third appeal to come before us that arises from the same facts.[2] At some point in 2008 or earlier, Riverwatch and King disagreed over Riverwatch's right of access to King's condominium to repair the roof. In 2008, an arbitral panel awarded King approximately $3,500. Then, in 2010, Riverwatch obtained a judgment for approximately $8,500 in a bench trial before Judge Charles B. Burr, II in the Pennsylvania Court of Common Pleas. King filed dozens of appeals, including multiple unsuccessful petitions for allowance of appeal to the Pennsylvania Supreme Court and one unsuccessful petition

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review of a motion to dismiss is plenary. *McGovern v. Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009).

[2] *See King v. Burr*, 757 F. App'x 178 (3d Cir. 2018); *King v. Burr*, 728 F. App'x 83 (3d Cir. 2018). Although "[t]he [C]ourt by tradition does not cite to its not precedential opinions as authority," 3d Cir. I.O.P. 5.7 (2018), "[e]very court of appeals has allowed unpublished opinions to be cited in some circumstances, such as to support a contention of issue preclusion or claim preclusion," Fed. R. App. P. 32.1(a) advisory committee's note to 2006 amendment. Here, we cite the prior opinions to show the history of this lengthy and vexatious series of cases.

for writ of certiorari in the United States Supreme Court.[3]

In May 2017, King sued Riverwatch and Judge Burr in federal court, alleging that Judge Burr had acted without jurisdiction, thus violating King's due process rights, and that Riverwatch was attempting to enforce void court orders. The District Court dismissed the case,[4] and we affirmed.[5]

King then filed the present case, in which he asserts identical claims. The District Court granted Defendants' Motions to Dismiss because "[t]his case is repetitious of the prior case in this Court, Civil Action No. 17-2315, in which the same claims were made and dismissed. Plaintiff's claims are repetitive, abusive, and frivolous."[6] We agree.

King argues that the District Court dismissed his complaint without determining "whether [it] was sufficient to entitle him to relief."[7] King also argues that the District Court erroneously relied on "unrelated and invalid state court proceedings" and Defendants' "unverified suggestion that Pennsylvania's highest court had rendered a final judgment on the action."[8]

King's claims are indistinguishable from those he raised in Civil Action No. 17-2315, in which a previous panel of this Court held that the *Rooker-Feldman* doctrine bars

---

[3] *King v. Riverwatch Condo. Owner's Ass'n*, 138 S. Ct. 520 (2017) (mem.).
[4] *King v. Burr*, No. 2:17-CV-02315, 2017 WL 3705872 (E.D. Pa. Aug. 24, 2017).
[5] *King*, 728 F. App'x at 86.
[6] District Ct. Docket No. 8.
[7] Appellant's Br. 9.
[8] Appellant's Br. 7.

his claims.[9] The same remains true today. The District Court correctly dismissed King's claims as "repetitive, abusive, and frivolous."[10]

Riverwatch requests that we enter an award of attorneys' fees against King's counsel, Thomas P. Gannon. Such fees are appropriate when counsel "multiplies the proceedings in any case unreasonably and vexatiously"[11] and his or her "conduct [was] of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation."[12] Attorney Gannon has made a practice of repeatedly bringing meritless claims, inflicting substantial costs on the opposing party and the judicial system.[13] His conduct is the very essence of bad faith and falls well outside the bounds of

---

[9] *See King*, 728 F. App'x at 85-86. The only difference is that King has now added Judge Leadbetter as a defendant. King's argument regarding Judge Leadbetter is that "[w]ithout subject matter jurisdiction Judge Leadbetter accepted and decided the appeal from Judge Burr's non-final order rather than dismiss the appeal and transfer the case back to the arbitrators." Appellant's Br. 4. Yet, King's underlying claims are the same—that the state courts acted without subject-matter jurisdiction—and review of those state court judgments remains barred by the *Rooker-Feldman* doctrine. *See ITT Corp. v. Intelnet Internal Corp.*, 366 F.3d 205, 216 n.19 (3d Cir. 2004) (*Rooker-Feldman* doctrine may be applied where "related but non-identical defendants . . . were drawn into the federal litigation by the parties . . . against whom the state court action was decided.").

[10] *See Chipps v. U.S. Dist. Court for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (affirming dismissal of plaintiff's repetitive claims regarding courts and judges who ruled against him when claims were "clearly frivolous").

[11] 28 U.S.C. § 1927.

[12] *LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 289 (3d Cir. 2002) (quoting *Baker Indus., Inc. v. Cerberus, Ltd.*, 764 F.3d 204, 208 (3d Cir. 1985)).

[13] To date, Attorney Gannon has filed two complaints in the District Court for the Eastern District of Pennsylvania, three appeals in the Third Circuit, and two petitions for certiorari before the United States Supreme Court. He has also filed approximately forty-eight state court appeals, all of which have been unsuccessful.

recognized standards for conducting litigation. Furthermore, Attorney Gannon has been suspended from both the Pennsylvania Supreme Court and the Eastern District of Pennsylvania for his behavior related to this case.[14] Thus, we will award $1,500 in attorneys' fees to Riverwatch.

For the foregoing reasons, we will affirm the District Court's dismissal and grant Riverwatch's request for attorneys' fees against Attorney Gannon.

---

[14] The Pennsylvania Supreme Court suspended Attorney Gannon from the practice of law for two years. *Office of Disciplinary Counsel v. Gannon*, No. 123 DB 2017 (Pa. 2018). The Eastern District of Pennsylvania then reciprocally suspended him for two years. *In the Matter of Thomas Peter Gannon*, No. 18-213 (E.D. Pa. 2019).