

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2007

# USA v. D'Amario

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2477

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. D'Amario" (2007). *2007 Decisions.* Paper 137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-24                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2477
_____

UNITED STATES OF AMERICA

v.

ARTHUR D'AMARIO,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00112)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2007
Before:   MCKEE, RENDELL and SMITH, <u>Circuit Judges</u>

(Filed: December 5, 2007)
_____

OPINION
_____

PER CURIAM

    In December 2006, a jury sitting in the United States District Court for the District

of New Jersey found Arthur D'Amario guilty of threatening to murder a United States

Judge, in violation of 18 U.S.C. § 115(a)(1)(B).  His counseled post-trial motions,

including a Rule 33 motion for a new trial, were denied by opinion and order entered March 27, 2007. D'Amario was sentenced to eighty-four months of imprisonment. D'Amario filed a counseled notice of appeal, which is currently pending in this Court. See United States v. D'Amario, C.A. No. 07-1955.

Meanwhile, during the months between the jury's verdict and the sentencing hearing, D'Amario made a number of written pro se submissions in District Court, including memoranda in support of a Rule 33 motion for a new trial, a motion for release, a motion for sanctions, and letters. By orders entered January 31, 2007 and March 23, 2007, the District Court denied the motions and twice ordered D'Amario to cease and desist from filing any further pro se motions, as he was represented by counsel.

After counsel filed D'Amario's notice of appeal after sentencing, on April 23, 2007, D'Amario filed another pro se Rule 33 motion for a new trial, acknowledging that his appointed counsel was representing him on direct appeal, but suggesting that the scope of counsel's duties did not encompass a post-trial Rule 33 motion. By order entered April 27, 2007, the District Court rejected D'Amario's arguments and denied the motion, specifically noting that the contentions may well be raised in the pending direct appeal, and that the scope of counsel's duties includes Rule 33 motions. D'Amario then filed a motion for leave to file a pro se Rule 33 motion for a new trial and a motion for release pending the decision on his Rule 33 motion. On May 8, 2007, the District Court denied the motions and again ordered D'Amario to cease and desist from filing any further pro se motions.

2

D'Amario appeals pro se the orders entered April 27, 2007 and May 8, 2007. He has filed a motion for summary action, seeking summary remand for the District Court's disposition on the merits of his Rule 33 motion. He has also filed a supplement to his motion.

Upon review of the record, we conclude that the District Court acted within its authority to issue limitations on D'Amario's pro se filings submitted while represented by counsel. See United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006) (citing United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993) (noting general rule on appeal regarding pro se arguments made by counseled parties)). D'Amario argued in his motion for leave to file a pro se Rule 33 motion that appointed counsel might suffer a conflict regarding the evidence that formed the basis of the pro se motion for a new trial, and on this basis, he sought to proceed pro se. However, the constitution does not confer a right to proceed simultaneously by counsel and pro se, and the District Court was not obligated to consider D'Amario's pro se motions in light of his being represented by counsel on direct appeal. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (no constitutional right to hybrid representation).

Moreover, we add that collateral attacks upon convictions pursued while a direct appeal is pending are disfavored as a matter of judicial economy, as the results on direct appeal may nullify the District Court's efforts in adjudicating a collateral attack. See Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (commencement of an action under 28 U.S.C. § 2255 while direct appeal is pending is generally inappropriate);

3

Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968) (a District Court may consider a section 2255 motion only in "extraordinary circumstances" when a direct appeal is pending). D'Amario's motion for a new trial, like his direct appeal, seeks to challenge his conviction and sentence. The possibility that he might obtain relief via direct appeal further validates the District Court's denial of a merits review of D'Amario's pro se submissions; we cannot say that this case presented extraordinary circumstances warranting the District Court's review after a counseled appeal had been taken.

Because this appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm the District Court's order. D'Amario's motion for summary action, which seeks summary remand, is denied.