

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2008

# USA v. D'Amario

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4134

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. D'Amario" (2008). *2008 Decisions.* Paper 1466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-88                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4134
_____

UNITED STATES OF AMERICA

v.

ARTHUR D'AMARIO,

Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00112)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 20, 2007

Before:   MCKEE, RENDELL AND SMITH, <u>CIRCUIT JUDGES</u>.

(Opinion filed: March 10, 2008)

_____

OPINION
_____

PER CURIAM

1

After a jury trial in the United States District Court for the District of New Jersey, Arthur D'Amario was found guilty of threatening to murder a United States Judge in violation of 18 U.S.C. § 115(a)(1)(B). His counseled post-trial motions, including a Rule 33 motion for a new trial, were denied. Also, D'Amario submitted several pro se documents in District Court, including memoranda in support of a Rule 33 motion for a new trial, a motion for release, a motion for sanctions, and letters. The District Court denied the pro se motions and twice ordered D'Amario to cease and desist from filing any further pro se motions because he was represented by counsel. On March 26, 2007, D'Amario was sentenced to eighty-four months of imprisonment. Counsel filed a direct appeal, which is currently pending in this Court at C.A. No. 07-1955.

D'Amario then filed another pro se Rule 33 motion for a new trial, suggesting that the scope of counsel's duties regarding his representation on direct appeal did not encompass a post-trial Rule 33 motion. By order entered April 27, 2007, the District Court rejected D'Amario's arguments and denied the motion, specifically noting that the contentions may well be raised in the pending direct appeal, and that the scope of counsel's duties includes Rule 33 motions. D'Amario then filed a motion for leave to file a pro se Rule 33 motion for a new trial and a motion for release pending the decision on his Rule 33 motion. On May 8, 2007, the District Court denied the motions and again ordered D'Amario to cease and desist from filing any further pro se motions. Acting pro se, D'Amario appealed these orders and sought summary remand for the District Court to

2

consider the merits of his Rule 33 motion. This Court affirmed the District Court by order entered December 5, 2007 (C.A. No. 07-2477).

Meanwhile, D'Amario continued to submit pro se filings to the District Court, including a motion requesting the District Court to vacate the order restricting his post-trial pro se filings; to assign new counsel located in Denver, Colorado; to grant a new trial; and to grant immediate release. On October 10, 2007, the District Court denied the motions and again ordered D'Amario to cease and desist from filing any further pro se motions. As in its previous orders, the District Court noted that it would consider motions filed by counsel only.

D'Amario now appeals pro se the October 10, 2007 order. He has filed a motion for bail, to which the government has filed a response in opposition. D'Amario has also filed a memorandum in support of summary reversal of the District Court's order.

We have reviewed the record. As with D'Amario's pro se appeal in C.A. No. 07-2477, we conclude here that the District Court acted within its authority to issue limitations on D'Amario's pro se filings submitted while represented by counsel. See United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006) (citing United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993) (noting general rule on appeal regarding pro se arguments made by counseled parties)). The Constitution does not confer a right to proceed simultaneously by counsel and pro se, and the District Court was not obligated to consider D'Amario's pro se motions in light of his being represented by counsel on direct

3

appeal.  See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (no constitutional right to hybrid representation).  Moreover, D'Amario's goal in seeking a new trial, as in his direct appeal, is to challenge his conviction and sentence.  The possibility that D'Amario might obtain relief via direct appeal further validates the District Court's refusal to consider his pro se submissions when he has a counseled direct appeal pending.  Cf. Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (commencement of an action under 28 U.S.C. § 2255 while direct appeal is pending is generally inappropriate); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968) (a District Court may consider a section 2255 motion only in "extraordinary circumstances" when a direct appeal is pending).

Because this appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm the District Court's order.  D'Amario's motion for bail is denied.[1] To the extent that D'Amario's memorandum in support of summary remand may be construed as a motion for summary action, the motion is denied.

_____

[1] We note that D'Amario also attempted to file a motion for bail in his pro se appeal in C.A. No. 07-2477.  On August 28, 2007, the Clerk of this Court refused to consider that motion and referred the motion to D'Amario's counsel on direct appeal. The Clerk's order correctly noted that the Court does not permit "hybrid" representation. D'Amario is confined based on the judgment being challenged in his direct appeal, and counsel is responsible for the decision-making in prosecuting that appeal–including whether to file a motion for bail pending the outcome of that appeal.