

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2009

# USA v. Arthur D'Amario, III

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4735

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Arthur D'Amario, III" (2009). *2009 Decisions.* Paper 1452.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1452

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-153                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-4735, 08-4898 and 09-1574
(consolidated)
_____

UNITED STATES OF AMERICA

v.

ARTHUR D'AMARIO, III,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 06-cr-00112)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2009

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2009)
_____

OPINION
_____

PER CURIAM

        These consolidated appeals stem from Appellant Arthur D'Amario's second

conviction for threatening to assault and murder a federal judge, in violation of 18 U.S.C.

§ 115(a)(1)(B), for which he was sentenced on March 26, 2007, to eighty-four months of imprisonment. While his counseled direct appeal in that case has been pending, D'Amario has besieged the District Court and this Court with pro se motions and appeals. Presently before us are D'Amario's consolidated pro se appeals from three separate orders of the District Court denying one counseled and two pro se Rule 33 motions for a new trial. The Government has asked us to summarily affirm, and to "refuse to docket any more such improper pro se motions" or pro se appeals. For the reasons that follow, we will summarily affirm the District Court's orders, and deny the Government's request to limit D'Amario's appellate rights.

We begin with the Government's request for this Court to place a moratorium on the docketing of D'Amario's pro se filings unless they are "filed in 07-1955 [the docket number of the direct appeal] by counsel." As we have previously stated in the civil context, "a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." Chipps v. U.S. District Court for the Middle District of Pa., 882 F.2d 72, 73 (3d Cir. 1989). In addition, a District Court has the authority to issue limitations on pro se filings submitted while the party is represented by counsel. See United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006) (citing United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993) (noting general rule on appeal regarding pro se arguments made by counseled parties)). Here, the District Court

2

has eight times enjoined D'Amario's pro se filings, but to no avail.[1] To the extent that the District Court must take additional steps to effectuate its injunction, we encourage it to do so. Nonetheless, we refrain from enjoining D'Amario's ability to appeal from orders that the District Court enters notwithstanding its "cease and desist" mandate, and therefore deny the Government's request.

In disposing of these appeals, we remind D'Amario that there is no constitutional right to hybrid representation. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). Thus, a district court is not obligated to consider pro se motions by represented litigants. Further, challenges to convictions pursued while a direct appeal is pending are generally disfavored as a matter of judicial economy. See, e.g., Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (commencement of an action under 28 U.S.C. § 2255 while direct appeal is pending is generally inappropriate). As we have previously explained to D'Amario, this is so because the results on direct appeal may nullify a district court's efforts in adjudicating a collateral attack.

There being no substantial question presented by D'Amario's appeals, we will summarily affirm the District Court's orders. See LAR 27.4; I.O.P. 10.6. The Government's request that this Court refuse to docket future pro se motions or appeals by D'Amario, while he is simultaneously represented by counsel, is denied without

---

[1] Each order has mandated that D'Amario, "who is represented by counsel, shall cease and desist from filing any further Pro Se Motions." (Dist. Ct. dkt #'s 195, 207, 223, 242, 251, 297, 303, and 304.)

3

prejudice.  D'Amario's pending motion for expeditious adjudication of his appeals, and the Government's motion to summarily dismiss, are denied as moot.  D'Amario's pending motions for immediate release and/or bail are denied, and we remind him that "counsel is responsible for the decision[] . . . to file a motion for bail pending the outcome of [his direct appeal]."  United States v. D'Amario, 268 F. App'x 179, 181 n.1 (3d Cir. 2008).  Finally, D'Amario's motions for summary reversal, recusal and production of transcripts are denied.