112 N.J. Super. 359 (1970)
271 A.2d 439
HOUSING AUTHORITY OF THE CITY OF HOBOKEN, NEW JERSEY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MIRIAM KRAMER SEGAL, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1970.
Decided November 30, 1970.
*361 Before Judges KILKENNY, HALPERN and LANE.
Mr. Samuel J. Davidson argued the cause for appellant.
Mr. Michael A. Cerreto argued the cause for respondents (Mr. Leo Rosenblum, attorney).
Messrs. Brach, Eichler, Rosenberg & Silver, attorneys for New Jersey Association of Housing and Redevelopment Authorities, filed a brief amicus curiae.
The opinion of the court was delivered by HALPERN, J.A.D.
Defendants owned four five-story buildings in Hoboken, New Jersey, each of which contained stores on the ground level and apartments on the upper floors. On September 20, 1967 the area in which the four buildings were located was declared blighted by plaintiff. On October 14, 1968 plaintiff filed separate complaints to acquire the buildings, and ultimately commissioners were appointed to fix the compensation to be paid. On April 17, 1969 plaintiff filed declarations of taking and, pursuant to court orders, deposited in court sums totalling $50,100 and took possession of the four buildings.
The commissioners filed their report on February 17, 1969, and plaintiff appealed to the Superior Court. On March 22, 1969 pretrial orders were filed in which, among other things, the parties agreed upon the method of determining market value and stipulated that October 14, 1968 would be the control date for its determination. They further stipulated that defendants were to remain liable for real estate taxes until plaintiff took possession, or until determination of this litigation, whichever was sooner. The pretrial order set forth the only issue to be, "Fair Market *362 value of premises in question as of October 14, 1968." Such stipulations are generally binding on the parties. Housing Authority of Long Branch v. Valentino, 47 N.J. 265 (1966).
At the trial plaintiff's expert testified that the four buildings were worth a total of $50,500. Defendants' expert place the value at $82,000. The jury's verdict was for $64,500. In answer to the court's sua sponte inquiry, the jury determined that the four buildings were unoccupied between September 20, 1967 and October 14, 1968 because condemnation proceedings were imminent.
Partial judgments were entered on October 31, 1969 totalling the $64,500 awarded by the jury, plus the amount determined to be interest due totalling $6,535.50. The trial judge computed the interest on the awards from September 20, 1967 (date of blight declaration) to April 17, 1969 on the full amount of the verdicts, and on the excess over the deposit from April 17, 1969 to October 10, 1969 (date of jury verdict).
The trial judge then asked the parties to brief the issue, "Is the landowner entitled to be exempt from paying taxes from the date of the declaration of blight?" The trial judge ultimately determined the issue in the affirmative. Final judgments were then entered on December 12, 1969 covering the four properties:

Jury award ........................................... $64,500.00
Interest from 9/20/67 to 10/10/69 .................... 6,535.50
Reimbursement for taxes paid by defendants from
 9/20/67 to 3/31/69 ................................. 7,832.60
Interest thereon at 6% ............................... 693.99

Plaintiff appeals from so much of the final judgments as awarded interest and reimbursement for taxes. As we read the record, and as stated at oral argument, no appeal has been taken from that part of the judgment based upon the jury's verdict fixing the fair market value of the four properties at $64,500. We consolidated the complaints and *363 the judgments entered thereon for the purposes of this appeal.
In all condemnation cases the statute, N.J.S.A. 20:1-9, requires a jury to fix the value of the property being taken as of the date the complaint was filed, except that if property is acquired in connection with redevelopment of a blighted area, then it is fixed at no less than its value as of the date of the declaration of blight. Jersey City Redevelopment Agency v. Kugler, 111 N.J. Super. 50, 56 (App. Div. 1970). The exception in the statute became effective October 10, 1967, but since the pretrial order fixed October 14, 1968 (the date the complaint was filed) as the control date, and the case was tried on that basis, the general rule is applicable.
The problem dealing with the allowance of interest and taxes on a condemnation award is more troublesome. Generally speaking, interest on a jury award, for the period pending condemnation, is decided on a case-by-case basis in order to fix compensation which is "just." State v. Nordstrom, 54 N.J. 50, 54 (1969). The courts recognize that a considerable period of time may elapse between the filing of the complaint and the date the owners receive payment. During such period the owners are compelled to pay taxes and other carrying charges. The courts have therefore in such instances allowed interest, but have required the owners to account for the rents and profits. Nordstrom, at 55. However, if there is no inordinate delay, or the owners have not been hurt in any significant way, no interest is allowed. State, by State Highway Com'r v. Hankins, 63 N.J. Super. 326 (App. Div. 1960). The philosophy for the rule allowing interest is best summarized by the quotation from Metler v. Easton and Amboy Railroad Co., 37 N.J.L. 222 (Sup. Ct. 1874) approved in Nordstrom, 54 N.J. at 54:
Interest for the intermediate period is allowable, not strictly as damages for the taking, but as an equitable mode of compensating the owner for the necessary delay in ultimately ascertaining the amount he is entitled to be paid, and as the means of reaching the full measure of the just compensation which, by the constitution must *364 precede the taking of the property of a private citizen for public uses.
This general rule for the allowance of interest is liable to be controlled by the circumstances of each particular case. If the owner has not been disturbed in the possession, and has had a profitable use of the premises, or has received the rents for them pending the appeal, these circumstances should be taken into account and the interest abated accordingly. Possibly the like effect may be given to a tender and payment into court, where the statute provides for such proceeding * * *.
Interest on demands of this character, not being a matter of contract, or of positive law, is allowed on equitable principles * * *. Id. 37 N.J.L., at 224-225.
Condemnation to acquire a property in blighted areas is distinguishable from other types of condemnation. The statute authorizing the taking after a declaration of blight, N.J.S.A. 40:55-21.10, provides that the municipality "shall not be required to acquire the real property * * *." Therefore, even though an area is declared blighted the municipality may decide at a future date to drop the project. If dropped, the owners, although they may suffer pecuniary loss, are without remedy. Wilson v. Long Branch, 27 N.J. 360 (1958), cert. den. 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958).
In the instant case the record is clear that about a year before the declaration of blight the owners had no tenants in the four properties; they had cut off all utilities; they had boarded up the buildings and had made no effort to rent or otherwise utilize the properties. Under such circumstances there is no equitable reason for allowing interest or taxes for a period prior to the taking. The trial judge allowed interest and reimbursement for taxes from the date of the declaration of blight as compensation to the owners because of their inability to rent the property because condemnation was imminent. Such was not in conformity with the proofs, the statute or the equitable principles heretofore enunciated.
Of necessity, there must be an administrative lag between the time a municipality begins to decide whether it should *365 declare an area blighted and the time it decides to condemn. See the steps required to be taken before condemnation can be filed as prescribed in N.J.S.A. 40:55-21.1 et seq. We can see no basis in this case, legal or equitable, to charge the Housing Authority with interest and taxes for such delay. See State by State Highway Com'r v. Angleton, 89 N.J. Super. 85, 91 (App. Div. 1965).
As previously stated, plaintiff deposited the sum of $50,100 into court on April 17, 1969 and took possession of the four properties on that date. We find that the owners are not entitled to interest for any period prior thereto. The judgments below will be modified to allow interest at 6% on the sum of $14,400 (the difference between the jury award and the deposits) from April 17, 1969 to October 10, 1969. State v. Nordstrom, supra, 54 N.J. at 57; N.J.S.A. 27:7-22, applicable to highway acquisitions but indicative of the legislative intent where deposits in court are made. See also East Orange v. Bd. of Chosen Freeholders, Essex County, 89 N.J. Super. 493, 500, 501 (App. Div. 1965).
For the reasons expressed heretofore in denying interest to the owners for the period commencing September 20, 1967, we find that the owners are liable for the payment of taxes up to April 18, 1969.
We modify the judgment accordingly.