C. Perry ELTERICH and Ruth R.
Elterich, his wife, et al.,
Appellants,

v.

The CITY OF SEA ISLE CITY, a
municipal corporation, et al.

No. 71–1912.

United States Court of Appeals,
Third Circuit.

Argued Sept. 29, 1972.

Decided March 26, 1973.

Eugene T. Radcliffe, Powell, Davis, Dietz & Colsey, Mount Holly, N. J., for appellants.

Carl J. Gregorio, Kisselman, Deighan, Montano, King & Summers, Camden, N. J., for appellees.

Before STALEY, VAN DUSEN and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

This is an appeal from the granting of the appellees' motion for summary judgment. The appellants brought this action in the district court under 42 U.S.C. § 1983 seeking to recover damages on the grounds that the appellees, City of Sea Isle City ("City") and various city officials had unlawfully appropriated their land and deprived them of its use[1] through what the appellants contend was an arbitrary and unlawful use of appellees' power. The allegation of unlawful taking was based on events which took place in the aftermath of a damaging storm. The following is an account of those events.

Sea Isle City is located on a coastal island separated from the mainland of New Jersey by a bay. On March 6, 1962, a severe storm caused extensive damage to most of the island, including property owned by the appellants. When the storm subsided, martial law was declared on the island, and the process of assessing the extent of damage began. After a period of evaluation, the City deemed it necessary to repair a dune line near the island's coast to protect the City from the effects of future storms.[2] Land owned by the appellants, among others, was chosen as the site for the protective barrier which was constructed by the United States Army Corps of Engineers. At no time after the storm were the appellants permitted to reoccupy their lands.

By the time this case came before the district court for a determination of the merits of the appellants' contentions, the City had acquired the property in question either by condemnation proceedings or by sales under the threat of condemnation. Granting the appellees' motion for summary judgment, the district court stated that since the rights of the appellants whose property was condemned were adequately protected by the State of New Jersey, a ruling on the validity of the awards would be an unwarranted interference with state court jurisdiction. With respect to the claims of those who sold under threat of condemnation, the court said: "[I]t is a fair assumption that they considered all of those matters at the time that they made the deal."

On appeal, the question presented is whether New Jersey's condemnation procedure preserved the full measure of the appellants' property rights under the United States Constitution. There is no question that the mere exercise of eminent domain power does not offend due process, Roberts v. City of New York, 295 U.S. 264, 55 S.Ct. 689, 79 L.Ed. 1429 (1935); Chicago, Burlington & Quincy Railroad Co. v. Chicago, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897). Nor, as appellants' brief concedes at page 6, is there any dispute that the City had authority under both the United States Constitution and the New Jersey Constitution to condemn their land for public use. Appellants' claims under § 1983 relate only to the matter of compensa-

---

1. 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. Following the storm, a series of ordinances were passed by the governing body of Sea Isle City which dealt with the regulation of land use in the dune area.

tion. On appeal, they contend that they have not been properly compensated for being deprived of the use of their land as a result of the City's action.

They assert that in addition to the market value of the land, they are entitled to the value of its use for the period of time between the taking and condemnation. They also seek to be reimbursed for taxes allegedly paid after the City took possession. All these matters could have been urged in the state condemnation proceedings.

■■ New Jersey law provides, as the United States Constitution requires, that an owner whose land is condemned must receive just compensation, U.S. Const. Amends. V and XIV; New Jersey Const.1947, Art. I, ¶ 20; see State of New Jersey v. Burnett, 24 N.J. 280, 131 A.2d 765 (1957). Generally, a sum of money equal to the market value of the land at the time the complaint is filed constitutes just compensation. Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236 (1934); State of New Jersey v. Cooper, 24 N.J. 261, 131 A.2d 756, cert. denied, 355 U.S. 829, 78 S.Ct. 41, 2 L.Ed.2d 42 (1957); see N.J. S.A. 20:1-9 (1969). Where the taking occurs before the condemnation action and the property decreased in value before the action is commenced, the condemnee is entitled to the value at the taking. State of New Jersey v. Jones, 27 N.J. 257, 142 A.2d 232 (1958). Cf. Klopping v. City of Whittier, 8 Cal. 3d 39, 104 Cal.Rptr. 1, 500 P.2d 1345 (1972). New Jersey also recognizes that a condemnee is entitled to be compensated for the value of the use of his land where the condemnor goes into possession without full payment.

" * * * In condemnation proceedings interest is allowed where the condemnor goes into possession without full payment and the owner of the property is deprived not only of his property but of the profits and increments from the use and for this latter deprivation interest is allowable on equitable principles." New Jersey Highway Authority v. Ellis, 24 N.J. 1, 130 A.2d 601, 604 (1957); State of New Jersey v. Hankins, 63 N.J.Super. 326, 164 A.2d 615 (1960).

Similar adjustments are made with respect to taxes paid during the time after the taking. Housing Authority of City of Hoboken v. Segal, 112 N.J.Super. 359, 271 A.2d 439 (1970).

■ The fact that the appellants were deprived of their land before the condemnation took place does not mean their constitutional rights were denied, since compensation is available. See Yearsley v. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554 (1940); Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637 (1932); Stringer v. United States, 471 F.2d 381 (C.A.5, 1973).

■ No assertion has been made that the appellants have been denied an opportunity to press their claims in the state court. Clearly they had an opportunity. If the appellants were dissatisfied with the awards they received, they had a right to appeal in state court.[3] It is the clear pronouncement of the New Jersey courts that the rights appellants assert here were guarded. The Federal courts do not sit as courts of review over alleged errors of state courts. Landowners Consideration Association v. Montana Power Co., 300 F.Supp. 54 (D. C.Mont.1969); see Martin v. Creasy, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959). Neither were those who sold under threat of condemnation denied any rights. Their opportunity to assert the matters alleged here was given up at the sale they fully accepted.

3. While the appellants concede that the laws under which the appellees acted are constitutional, they allege that appellees' actions under such laws were carried out in a constitutionally impermissible manner. However, damages for whatever injury appellants suffered might have been recovered had they pursued by appeal in the state courts their available state court condemnation remedy. This case does not present a situation where the remedy provided under state law was inadequate or foreclosed. Cf. McGuire v. Sadler, 337 F.2d 902 (C.A. 5, 1964).

Lastly, we note that the City of Sea Isle City is not a proper party in an action under § 1983. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (C.A.3 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970). The action, therefore, should have been dismissed as to Sea Isle City.

We hold that no federally protected rights of the appellants have been violated. The State of New Jersey fully preserved all rights of the appellants in their condemnation proceedings.

For the foregoing reasons, the cause will be remanded to the district court with directions that the action against Sea Isle City be dismissed and, in all other respects, the judgment of the district court will be affirmed.