

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2009

# Fessler v. Kirk Sauer Comm Dev

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3645

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Fessler v. Kirk Sauer Comm Dev" (2009). *2009 Decisions*. Paper 1738.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1738

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-90                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3645
_____

JOSEPH A. FESSLER and ANN FESSLER,
Appellants

v.

KIRK SAUER, COMMUNITY DEVELOPMENT OF WILKES-BARRE; RICHARD
GELHARD, EX-DEPUTY EXECUTIVE DIRECTOR OF THE WILKES-BARRE
REDEVELOPMENT AUTHORITY; LOUIS ATTORDO, WILKES-BARRE
REDEVELOPMENT AUTHORITY; JOHN G. BRAVACOS, AREA DIRECTOR OF
THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; PAUL CAIN,
EX-AREA DIRECTOR OF THE DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT; AND MARTIN CARLSON,
HOUSING AND URBAN DEVELOPMENT, ACTING US ATTORNEY
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-1939)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 29, 2009

Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Filed: March 16, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Joseph Fessler and Ann Fessler appeal from an order of the United States District Court for the Middle District of Pennsylvania granting Defendants' motions to dismiss on grounds of claim preclusion. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

On October 24, 2007, Joseph Fessler and Ann Fessler ("the Fesslers"), proceeding pro se, filed an action against Kirk Sauer, Community Development of Wilkes-Barre; Richard Gelhard, Ex-Deputy Executive Director of the Wilkes-Barre Redevelopment Authority; Louis Attordo, Wilkes-Barre Redevelopment Authority; John G. Bravacos, Area Director of the Department of Housing and Urban Development; Paul Cain, Ex-Area Director of the Department of Housing and Urban Development; and Alphonso Jackson, Secretary of the Department of Housing and Urban Development, related to their dissatisfaction with the City of Wilkes-Barre Redevelopment Authority's denial of a relocation payment to the Fesslers.

In 1973, the Fesslers' property was taken by eminent domain by the City of Wilkes-Barre, Pennsylvania. Following a denial of what they deemed an adequate relocation benefit, the Fesslers filed numerous state and federal lawsuits against the City of Wilkes-Barre Redevelopment Authority, the Department of Housing and Urban Development, and several of the organizations' employees. Prior to this action, the Fesslers filed three previous lawsuits in the United States District Court for the Middle

2

District of Pennsylvania. Following the Fesslers' filing of an amended complaint in this case, which did not substantively alter their claims, Defendants moved to dismiss the case on the grounds that the Fesslers' action was barred by the doctrine of claim preclusion. The Fesslers moved for default judgment against Defendant Alphonso Jackson on grounds that he failed to timely answer their Complaint. On August 22, 2008, the District Court granted Defendants' motions to dismiss the case and denied the Fesslers' motions for default judgment. The Fesslers filed a timely appeal and Defendants filed motions for summary affirmance.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's application of claim preclusion is plenary. See Venuto v. Witco Corp., 117 F.3d 754, 758 (3d Cir. 1997).[1] For the purposes of reviewing a motion to dismiss, we accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

---

[1]The Fesslers also appeal the District Court's decision to deny their motion for a default judgment against Defendant Alphonso Jackson. We review an order denying a default judgment for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). The District Court properly denied the Fesslers' motion. Because Plaintiffs' Complaint presented no obvious federal claim, any default handed down would have been subsequently set aside under Rule 55(c) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 55(c).

3

III.

As the District Court noted, this case has a protracted history, involving multiple lawsuits over several decades. The District Court concluded that this action was merely an attempt to re-litigate issues previously decided on the merits and dismissed the action based upon the doctrine of claim preclusion.

The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events. See Bd. of Trs. of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Centra, 983 F.2d 495, 504 (3d Cir. 1992). A party raising claim preclusion as an affirmative defense must demonstrate that there has been (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit on the same cause of action. CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999).

The District Court determined that all three requirements were satisfied in this case because the first federal action filed by the Fesslers in 1980 was decided on the merits. See Fessler v. Redevelopment Authority of the City of Wilkes-Barre, et al., Civil No. 80-0141 (M.D. Pa. Nov. 20, 1980), aff'd 681 F.2d 805 (3d Cir. 1982), cert. denied, 459 U.S. 863. In that case, the District Court explained that it did not have jurisdiction over the Fesslers' claims because no federally protected rights had been violated. The Court held that state law adequately protected the rights of individuals aggrieved by the state's exercise of its eminent domain power and that federal courts should not interfere. See

4

Elterich v. City of Sea Isle City, 477 F.2d 289, 291-92 (3d Cir. 1973).[2]

Our review of the record indicates that the District Court dismissed the Fesslers' 1980 case it because lacked subject matter jurisdiction. Thus, the merits of the case were not reached. While state court records might exist showing that the Fesslers raised their claim of inadequate compensation in a prior state court action, thus providing a basis for claim preclusion of a state court judgment, neither the District Court nor the parties have provided us with those records. See Logan v. Moyer, 898 F.2d 356, 357 (3d Cir. 1990) (discussing the need for a complete record for appellate review of decisions based on preclusion). Nevertheless, our review of the Fesslers' case shows that they have raised no obvious federal claims. Martin v. Creasy, 360 U.S. 219, 223-25 (1959). An action seeking adequate compensation after one's property has been taken by a state is appropriately raised in state court. Id. In addition, the Fesslers' case concerns events which occurred more than three decades ago and would have been appropriately dismissed by the District Court as time-barred. As there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[2]Following that initial decision, the Fesslers filed two other federal lawsuits raising the same issue of their dissatisfaction with their relocation benefit. See Fessler v. O'Karma, et al., Civil No. 87-0849, slip op. (M.D. Pa. Jan. 11, 1989) and Fessler v. Finlayson, et al., Civil No. 89-1647, slip op. (M.D. Pa. Dec. 22, 1989). In those cases, the District Court dismissed the actions, at least in part, upon a determination that the Fesslers' claims were precluded by the initial federal-court decision..