OPINION
PER CURIAM.
Joseph Fessler and Ann Fessler (“the Fesslers”) appeal from an order of the United States District Court for the Middle District of Pennsylvania denying their motion entitled “Requestin [sic] Counter-suit Against Kirk Sauer Community Development Wilkes Barre, PA. Motion for Sanctions.” For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.
In 1973, the Fesslers’ property was taken by eminent domain by the City of Wilkes-Barre, Pennsylvania. Following a denial of what they deemed an adequate relocation benefit, the Fesslers filed numerous state and federal lawsuits against the City of Wilkes-Barre Redevelopment Authority and the United States Department of Housing and Urban Development.
On October 24, 2007, the Fesslers, proceeding pro se, filed an action in the District Court against several current and former employees of the Wilkes-Barre Redevelopment Authority and the Department of Housing and Urban Development related to their dissatisfaction with the City of Wilkes-Barre’s denial of a relocation payment to the Fesslers. The Defendants moved to dismiss the case and the Fesslers moved for default judgment against Defendant Alphonso Johnson on grounds that he failed to timely answer their Complaint.
On August 22, 2008, the District Court granted Defendants’ motions to dismiss the case and denied the Fesslers’ motion for default judgment. The Fesslers filed a timely appeal to this Court and we summarily affirmed the judgment of the District Court. See Fessler v. Sauer, 316 Fed.Appx. 174 (3d Cir.2009).
In September 2009, the Fesslers filed in the District Court the current motion entitled “Requestin [sic] Countersuit Against Kirk Sauer Community Development Wilkes Barre, PA. Motion for Sanctions.”[1] The District Court denied the motion with *243 out opinion and the Fesslers have appealed.
We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court appropriately denied the Fesslers’ motion. By the time that the Fesslers filed their motion in the District Court, final judgment had already been entered in their case. Because the Fesslers’ motion did not seek relief under a specific Federal Rule of Civil Procedure, and mindful that Federal Rules of Civil Procedure 59 and 60 govern the opening of final judgments, we consider whether the motion should have been characterized as a motion for relief thereunder. It should not have been.
First, the Fesslers would not have been entitled to relief under Rule 59(e) as the motion was filed beyond the ten days provided for under the Rule. See Fed.R.Civ.P. 59. Second, the Fesslers would not have been entitled to relief under Rule 60(b) as the they did not set forth any basis for granting relief under the Rule, including the catch-all provision in Rule 60(b)(6) that allows a court to relieve a party from a judgment for “any other reason that justifies relief.” See Fed.R.Civ.P. 60; see also Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir.2008). Even construing the motion liberally, we cannot discern any conceivable basis to reopen the judgment.
As there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Appellants’ document entitled “Payment of Legal Fees,” which appears to seek an order from this Court directing the Appellees to pay Appellants’ legal fees, is denied.

. The Defendants in the case had previously filed a motion for sanctions and attorneys fees against the Fesslers which the District Court denied.