NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3022
_____

JOSEPH A. FESSLER,
                                        Appellant,

v.

KIRK SAUER; RICHARD GELHARD; LEWIS
ATTORDO; BRENDA LAROCHE; PAUL CAIN;
SHAWN DONOVAN; U.S. ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-10-cv-01050)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2011
Before:  AMBRO, FISHER and NYGAARD, Circuit Judges

(Opinion filed: December 7, 2011)
_____

OPINION
_____

PER CURIAM

    Appellant Joseph Fessler, proceeding pro se, sued federal and local officials on

May 17, 2010, seeking a hearing regarding the taking of his property by the City of

Wilkes-Barre in 1973.  Fessler now appeals the dismissal of his complaint against

officials of the United States Department of Housing and Urban Development ("HUD"),

the U.S. Attorney General, and officials of the City of Wilkes-Barre, Pennsylvania.

Fessler also seeks review of the District Court's order enjoining him from filing any new action in connection with the taking of his property in 1973. For the following reasons, we will affirm.

Fessler received compensation for the taking of his property by Wilkes-Barre's Redevelopment Authority and he signed a General Release, but after doing so he sought additional compensation for relocation expenses. On September 30, 1975, the Redevelopment Authority determined that he was not eligible for additional compensation under Pennsylvania's eminent domain code. The Redevelopment Authority advised Fessler that he could appeal to the Philadelphia Area Office of HUD, and he did so. Attached to his Complaint was a letter from HUD dated January 15, 1976, signed by defendant Paul Cain and indicating that HUD agreed with the Redevelopment Authority's determination that Fessler was not entitled to a relocation payment because he owned a similar business in the area of the taking. Evidently, there then was a hearing in February, 1976, before a Judge Bigelow, but Fessler was not satisfied with the result.

In 1980, Fessler sued in the United States District Court for the Middle District of Pennsylvania, see Fessler v. Redevelopment Authority of City of Wilkes Barre, D.C. Civ. No. 80-cv-00141. The District Court dismissed the action for lack of federal subject matter jurisdiction, explaining that Fessler had an unfettered right to judicial review of the Redevelopment Authority's determination in the *state* courts only, and that those courts were competent to decide his claim. We affirmed on April 5, 1982 in Fessler v. Redevelopment Authority of City of Wilkes Barre, 681 F.2d 805 (3d Cir. 1982) (Table). Fessler then sought certiorari in the United States Supreme Court, but the Supreme Court denied his petition on October 4, 1982, see id., 459 U.S. 863 (1982).

2

That should have been the end of the matter in the federal courts, but Fessler sued three more times in federal court, see Fessler v. O'Karma, D.C. Civ. No. 87-cv-00849, Fessler v. Finlayson, D.C. Civ. No. 89-cv-01647, and Fessler v. Kirk Sauer Community Development, D.C. Civ. No. 07-cv-01939, over the same factual circumstances. All three cases were dismissed, and, in the latter two cases, the District Court admonished Fessler that further litigation of a harassing nature could result in sanctions.

Fessler took an appeal to this Court after his case at D.C. Civ. No. 07-cv-01939 was dismissed by the District Court on the basis of claim preclusion. In this 2007 case, Fessler sued Kirk Sauer, Richard Gelhard, Paul Cain, and Lewis Attordo, just as he has in the instant action, and there, as here, he claimed dissatisfaction with the Redevelopment Authority's determination of the relocation payment issue. We summarily affirmed, not on the basis of claim preclusion, but because "our review of the Fesslers' case shows that they have raised no obvious federal claims. An action seeking adequate compensation after one's property has been taken by a state is appropriately raised in state court. In addition, the Fesslers' case concerns events which occurred more than three decades ago and would have been appropriately dismissed by the District Court as time-barred." Fessler v. Sauer, 316 Fed. Appx. 174, 176-77 (3d Cir. 2009) (citations omitted), cert. denied, 130 S. Ct. 1142 (U.S. 2010).[1]

In this, Fessler's most recent action, the HUD defendants were sued under Titles VI and VIII of the Civil Rights Act. The specific allegation against the state defendants was not clear from the Complaint, but presumably is the same claim as before – that

---

[1] We declined to affirm on the basis of claim preclusion because the District Court dismissed Fessler's original lawsuit on the basis of a lack of subject matter jurisdiction, rather than on the merits. See id. at 176.

3

Fessler is owed additional compensation under the state eminent domain code. Fessler attached to his Complaint the January 15, 1976 letter from defendant Cain, and he referred to this letter, and Cain's statement therein, that he could have "judicial review through the courts" of his relocation expenses claim.

The defendants moved to dismiss the Complaint, and, in addition, the federal defendants sought an injunction barring Fessler from filing any other suits in federal court concerning the 1973 taking of his property. In a Report and Recommendation, the Magistrate Judge concluded that Fessler's Title VI and Title VIII causes of action did not state a claim for relief and were subject to dismissal under Fed. R. Civ. Pro. 12(b)(6) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). With respect to the claims against the state defendants, the Magistrate Judge concluded that our reasoning in Fessler, 316 Fed. Appx. at 176-77, concerning the lack of subject matter jurisdiction and the untimeliness of the claims, would apply with equal force to the instant action. The Magistrate Judge concluded that two of the defendants were not properly served, and thus the action against them was subject to dismissal under Fed. R. Civ. P. 4(m). Last, the Magistrate Judge recommended that Fessler be enjoined from filing any further actions concerning the 1973 taking of his property. Thereafter, defendant Sauer also moved to enjoin Fessler.

In an order entered on March 25, 2011, the District Court adopted the Report and Recommendation, granted the defendants' motions to dismiss, dismissed the two defendants who were not served, and granted the federal defendants' motion to enjoin Fessler from further filings. The court held that Fessler was enjoined "from filing any new action or proceeding, the claims of which arise from the 1973 taking of [his]

4

property by the Redevelopment Authority of the City of Wilkes-Barre, in this federal court against any of the captioned Federal Defendants … without first obtaining leave of [court]." In an order entered on March 29, 2011, the District Court granted defendant Sauer's motion to enjoin Fessler from filing any more actions against Sauer based on the 1973 taking unless Fessler first obtains leave of court. The District Court reasoned that Sauer should not be forced to defend future frivolous lawsuits, that Fessler had adequate notice that he might be enjoined, and that his pattern of filing meritless and repetitive actions warranted enjoining any future such actions.

Fessler filed a motion for reconsideration, calling the District Court's attention to Pennsylvania Deputy Auditor General C. Paul Brubaker's August 13, 1975 letter. In this letter, Brubaker told Fessler that he (Brubaker) had informed HUD official William Thompson that, although Fessler had other rental properties in the area that were not being acquired, he (Fessler) had suffered a loss of income because the tenants in the property acquired moved elsewhere. Despite this seemingly sympathetic argument, Thompson told Brubaker that, by law, Fessler was not entitled to a relocation payment. However, according to Brubaker, Thompson said he agreed with Fessler's argument and would personally review his case. We note that, as we explained previously, however, HUD ultimately denied Fessler's claim in the January 15, 1976 letter. In an order entered on July 18, 2011, the District Court denied Fessler's motion for reconsideration.

Fessler appeals. We have jurisdiction under 28 U.S.C. § 1291. In his brief, he maintains that he was, and is, entitled to a relocation payment, and entitled to judicial review of his claim. He argues that, according to HUD's handbook, he can file as many lawsuits as he wants until he is satisfied with the result. (Informal Brief, at 2.) He

5

appears to argue that the Redevelopment Authority's decision concerning the relocation payment was void because his wife, Ann, a co-owner of the property, did not sign the Release.

We will affirm. We have carefully reviewed the record, Fessler's arguments, and all of the letters Fessler has referred to in his Informal Brief. We exercise plenary review over a Rule 12(b)(6) dismissal. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations removed). The complaint must allege facts that, if true, "give rise to an entitlement to relief." Twombly, 550 U.S. at 557.

As explained by the Magistrate Judge, Fessler's allegation that the federal defendants violated Titles VI and VIII of the Civil Rights Act does not state a claim to relief that is plausible on its face. Title VI provides that "[n]o person in the United States shall on the ground of race, color, or national origin, be excluded from participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VIII prohibits discrimination in the sale or rental of housing. 42 U.S.C. § 3601. Besides his bare allegation, Fessler offered no factual support for his claim, see Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (conclusory allegations insufficient to survive motion to dismiss), and insofar as his Complaint concerns his dissatisfaction with the compensation he received under the state eminent domain code, his allegation does not give rise to a cause of action under Titles VI or VIII. In addition, the defendants who were not properly served with the Complaint were properly dismissed under Rule 4(m).

As to his claim against defendant Sauer, we have already ruled that this is a state law claim that is time-barred. Fessler, 316 Fed. Appx. 176-77. The instant action, including the contention on appeal that Ann Fessler did not sign the Release, does not persuade us that there is any basis for us to revisit this issue. Federal courts are courts of limited jurisdiction, and those limits may not be disregarded. See Garrett v. Bamford, 582 F.2d 810, 817 (3d Cir. 1978). We note that Paul Cain's letter does not state that Fessler could obtain judicial review in a *federal* court.

We also affirm the District Court's order enjoining Fessler from filing any further actions without prior leave of court against the federal defendants and defendant Sauer concerning the 1973 taking of his property by the City of Wilkes-Barre. District Courts in this circuit may issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints. See Chipps v. U.S. District Court for Middle District of Pa., 882 F.2d 72, 73 (3d Cir. 1989). The Magistrate Judge and District Court properly determined here that the repetitive lawsuits filed by Fessler show an abuse of the court system and are of a harassing nature, and that, because they are likely to continue, some restriction on Fessler is warranted. See id. See also In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982). The HUD handbook does not state that Fessler may file as many lawsuits as he wants until he gets the result he wants. In accordance with circuit precedent, see Matter of Packer Ave. Associates, 884 F.2d 745, 747 (3d Cir. 1989); Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987), Fessler was given the required notice and an opportunity to respond to the issue of whether he should be

7

enjoined from filing additional repetitive lawsuits, and the District Court's injunction was narrowly tailored to fit the circumstances of this case, see id.; Chipps, 882 F.2d at 73.

For the foregoing reasons, we will affirm the orders of the District Court granting the defendants' motions to dismiss and enjoining Fessler from filing any further actions in federal court based on the 1973 taking of his property by the City of Wilkes-Barre unless he first obtains leave of court.