**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3971-22

BOROUGH OF CARTERET,

 Plaintiff-Appellant/Cross-
 Respondent,

v.

BONIFACIO BLANCO and
MARIA C. BLANCO, husband
and wife,

 Defendants-Respondents/
 Cross-Appellants,

and

ANESTHESIA CONSULTANTS
OF NEW JERSEY, LLC,
ST. JAMES HOSPITAL,
AMBULATORY SURGICAL
CENTER, OVERLOOK
HOSPITAL, and MIDDLESEX
WATER COMPANY,

 Defendants.

_____

Submitted March 5, 2025 – Decided March 17, 2025

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6679-19.

McManimon, Scotland & Bauman, LLC, attorneys for appellant/cross-respondent (Kevin McManimon and Malcolm X. Thorpe, of counsel and on the briefs).

McKirdy, Riskin, Olson & DellaPelle, PC, attorneys for respondents/cross-appellants (Joseph W. Grather, of counsel and on the brief).

PER CURIAM

The parties before us appeal and cross-appeal a final judgment based on a jury verdict in a condemnation case after a three-day trial.

The property at issue contains a two-family home on a .18-acre parcel located in a redevelopment zone in Carteret. Through its powers of eminent domain, plaintiff, the Borough of Carteret, executed a declaration of taking on August 4, 2020. The owners of record, defendants Bonifacio Blanco and Maria C. Blanco, husband and wife, have not contested the bona fides of the Borough's taking.

At trial, the Borough's expert presented to the jury a valuation of $349,000 (adjusted to $363,000 for the parties' stipulated valuation date). Defendants' expert presented a competing valuation of $710,000 (adjusted to $670,000 for

the stipulated valuation date). The jury returned what appears to be a compromise verdict, valuing just compensation for the property at $550,000.

The Borough now appeals the verdict as being too high. Defendants oppose that contention, and further argue in a cross-appeal that the valuation date must be the date of the taking because the stipulated date is unconstitutional.

After jury selection on the first day of trial, the Borough moved in limine under Rule 4:25-8 to preclude defendants' expert from presenting opinions that violate what is known as the "project influence" doctrine. As we will elaborate, the doctrine precludes a condemnation jury from considering enhancements in the property's value expected to occur as a result of the government's acquisition and associated redevelopment activities. See Jersey City Redevelopment Agency v. Kugler, 58 N.J. 374, 379 (1971) ("[In condemnation cases] the proper basis of compensation is the value of the property as it would be at the time of taking (or at the time fixed by the statute . . . ) disregarding either the depreciating threat of or the inflationary reaction to the proposed public project.") (emphasis added).

The trial court denied the Borough's motion on both substantive and procedural grounds. Substantively, it found the challenged expert testimony

admissible. Procedurally, it deemed the motion to be the equivalent of an improper eleventh-hour summary judgment motion disallowed under Cho v. Trinitas Regional Medical Center, 443 N.J. Super. 461 (App. Div. 2015).

On appeal, the Borough maintains: (1) defendants' expert testimony opining that the property's highest and best use was the use intended under the Borough's redevelopment plan—for which the property was condemned—should have been barred under the project influence rule; and (2) the court erred in deeming its motion in limine to exclude that expert testimony procedurally barred because it was not brought at least thirty days in advance of trial.

Meanwhile, in their cross-appeal, defendants urge the United States Constitution and the New Jersey Constitution mandates the date of valuation to be the date of the Borough's actual taking, notwithstanding that the parties had stipulated to an earlier date.

In assessing these points, we apply familiar principles of appellate review. Generally speaking, "[w]hen a trial court admits or excludes evidence, its determination is 'entitled to deference absent a showing of an abuse of discretion, i.e., [that] there has been a clear error of judgment.'" Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016) (second alteration in original) (quoting State v. Brown, 170 N.J. 138, 147 (2001)). Even so, we review an evidentiary

4

ruling de novo if the trial court applied the wrong legal standard. Hassan v. Williams, 467 N.J. Super. 190, 214 (App. Div. 2021).

We review the court's application of Rules 4:25-7, 4:25-8, and 4:46 de novo. DiFiore v. Pezic, 254 N.J. 212, 228 (2023) ("[W]e review the meaning or scope of a court rule de novo, applying ordinary principles of statutory construction to interpret the court rules.").

As a threshold matter, we first consider the trial court's treatment of the Borough's motion in limine it filed under Rule 4:25-8(b) as a late and improper summary judgment motion that should have been brought more than thirty days before trial under Rule 4:46. This classification was an error of law, under the circumstances presented.

The main case the trial court cited to support its procedural ruling, Cho, 443 N.J. Super. at 464, is not analytically on point. In Cho, we held that a defendant's application, styled as a motion in limine, which had been filed on the brink of trial, was unfair and improper because if the motion were granted it would have been dispositive and would have required the dismissal of the plaintiff's complaint. Id. at 475.

That is not the situation here. The Borough's motion to preclude the discrete portions of the defense expert's valuation opinions that violated the

5

project influence rule would not have ended the case. All that the motion would have accomplished would have been to curtail aspects of the expert's testimony that were out of bounds. Defendants' expert still would have been allowed to present opinions about the value of the property that did not take into account future post-redevelopment impacts—such as when using the alternative valuation method under the "income" approach.

The Rule of Court adopted after Cho, Rule 4:25-8(a)(1), defines a motion in limine "as an application returnable at trial for a ruling regarding the conduct of the trial, including admissibility of evidence, which motion, if granted, would not have a dispositive impact on a litigant's case." (Emphasis added). It further defines a dispositive motion as one that "would include, but not be limited to, an application to bar an expert's testimony in a matter in which such testimony is required as a matter of law to sustain a party's burden of proof." Ibid.

The Borough's motion in this instance was restricting of evidence, but not dispositive. The Borough sought only to exclude that portion of the appraiser's testimony that was impermissibly influenced by the redevelopment plan—not the entirety of the expert testimony. Significantly, defendants' expert conducted an alternative valuation of the property that was unaffected by the project influence rule and that was presented to the jury.

6

And, even if the Borough's motion were construed to have dispositive characteristics, the Supreme Court has instructed that the preferred approach in such situations is to adjourn the trial, if possible, and afford the parties a mutually fair opportunity to litigate the dispositive issue. See Jeter v. Sam's Club, 250 N.J. 240, 251 (2022) (observing that the trial judge "should have decided the motion in limine and postponed trial for a minimum of thirty days to give both parties time to file briefs with supporting affidavits and certifications on the question of summary judgment").

We also point out that a party is not required to make use of the rule, and that the party may wait and object when the allegedly improper testimony is tendered during the trial by the opponent. Rule 4:25-8(c) explicitly provides that "[t]he failure to submit a motion in limine under this rule shall not preclude a party from seeking to admit evidence, or objecting to the admission of evidence, during trial." See also Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:25-8 (2025) ("Section (c) makes clear that parties failing to file a motion in limine under his rule will not be barred from introducing or objecting to evidence at trial.").

We are cognizant that it surely would have been better if the Borough had raised the in limine issue sooner, before flagging it in its amended pretrial

exchange under Rule 4:25-7(b).  But the suboptimal timing of the invocation of the issue must be balanced against the policies that underlie the trial court's gatekeeping responsibilities over evidence presented to a jury in a condemnation trial.  The trial judge had the responsibility to act as a gatekeeper to bar evidence the jury should not have heard.  Borough of Saddle River v. 66 E. Allendale, LLC, 216 N.J. 115, 142-43 (2013).

That brings us to the merits of the project influence issue.  The project influence rule instructs that, in valuing a condemned property, the effect on the property's value caused by the government's action necessitating the condemnation is not to be considered.  See e.g., Kugler, 58 N.J. at 379; see also U.S. v. Reynolds, 397 U.S. 14, 16-17 (1970); Twp. of W. Windsor v. Nierenberg, 150 N.J. 111, 130 (1997); Twp. of Piscataway v. S. Washington Ave., LLC, 400 N.J. Super. 358, 373 (App. Div. 2008).  The project influence rule thus requires that when just compensation is determined as of the date of a taking, only market factors unrelated to the condemnation action can be considered, despite the general requirements for determining fair market value.[1]

---

[1]  Fair market value is generally understood to be the "value that would be assigned to the acquired property by knowledgeable parties freely negotiating for its sale under normal market conditions based on all surrounding circumstances at the time of the taking."  State by Com'r of Transp. v. Caoili,

The Supreme Court aptly explained the rationale for the project influence rule in Kugler, 58 N.J. at 378-79. In that case, landowners of a property that was subject to condemnation because of a redevelopment alleged that N.J.S.A. 20:3-30[2] was unconstitutional. They argued that fixing the date for valuation as the date of the declaration of blight by the governing body failed to compensate them justly for the government taking. The plaintiffs charged that the statute violated the Fifth Amendment of the United States Constitution and Article I, paragraph 20 of the New Jersey Constitution, which provide that private property shall not be taken for public use without just compensation. Ibid.

The Court held in Kugler that valuation of a condemned property prior to the actual taking can be constitutionally permitted so long as landowners are not deprived of the value of inflation and other market factors that are separate from

135 N.J. 252, 260 (1994) (quoting State by Com'r of Transp. v. Silver, 92 N.J. 507, 514 (1983)).

[2] N.J.S.A. 20:3-30 provides that "just compensation shall be determined as of the date of the earliest of the following events: (a) the date possession of the property being condemned is taken by the condemnor in whole or in part; (b) the date of the commencement of the action; (c) the date on which action is taken by the condemnor which substantially affects the use and enjoyment of the property by the condemnee; or (d) the date of the declaration of blight by the governing body upon a report by a planning board pursuant to section 38 of P.L.1971, c. 361 (C. 20:3-38)."

the government action underlying the condemnation action.  Id. at 384-85.

When a property's value is shown to have increased due to unrelated factors, the

valuation date becomes the date of the taking, but not if the increase is due to

the government action.  Id. at 379.  See also Piscataway, 400 N.J. Super. at 373.

This is the essence of the project influence rule.

In the present case, as part of his alternative methods for appraising the

value of the parcel, defendants' expert did take into account the enhancement in

value resulting from the redevelopment plan.  Specifically, the defense expert

concluded in his report that the "highest and best use" of the property would be

if it were developed in accordance with the uses set forth in the redevelopment

plan, including a higher density, multi-family residential use, perhaps requiring

assemblage with neighboring properties.

Based on that assumed use, the defense expert concluded the property's

value was $710,000 as of September 16, 2020.  This value was amended to

$670,000 at trial to reflect the lower value of the property, as of the parties'

stipulated date of value, September 24, 2019.  Notably, this figure was

substantially higher than an alternative valuation of $458,298 that the defense

expert had based on an income approach.

Despite the Borough's earlier pretrial objection, the defense expert's

opinions about the property's valuation affected by the redevelopment plan were explicitly presented to the jury. In relevant part, he testified: "[T]he property was a two-family dwelling on a fairly large lot in a redevelopment zone. So my job is to determine what would be the highest value that the property could obtain in the open market based on the definition of market value." (emphasis added).

A proper application of the project influence rule would have barred such testimony. The defense expert's opinions did not tease out the market forces that independently could have raised the property's value, had the redevelopment not occurred. Instead, the expert made assumptions about the parcel's highest and best use based upon expectations insofar as they were altered by the redevelopment plan. That is a plain violation of the project influence rule. The verdict consequently was tainted by the legal error.

We cannot disregard this error as being harmless. The jury's $550,000 award was well above the alternative valuation of the property that did not consider the redevelopment plan's positive financial impact. The error was clearly capable of producing an unjust result. R. 2:10-2. Hence, a new trial is necessary.

Lastly, we briefly address defendants' cross-appeal respecting the date of

11

valuation.  The Borough initially took the position that, under N.J.S.A. 20:3-30, the proper date of valuation is the date the Borough adopted the redevelopment area resolution, March 21, 2019.  However, the Borough and defendants eventually stipulated to a valuation date of September 24, 2019.  In their cross-appeal, defendants argue the stipulation should be disregarded and that a later date of August 26, 2020—the actual date of taking—must control under constitutional principles.

The trial court did not err in using the parties' stipulated date as the valuation date.  "[G]enerally litigants should be held to their stipulations and the consequences thereof."  Negrotti v. Negrotti, 98 N.J. 428, 432 (1985).  When such stipulations are set forth in pretrial orders with respect to the date for determination of value in blighted area cases, they "are generally binding on parties."  Hous. Auth. of City of Hoboken v. Segal, 112 N.J. Super. 359, 362 (App. Div. 1970).

We recognize that case law under our federal and state constitutions supports the use of the government's date of taking to value a condemned property.  See e.g., Caoili, 135 N.J. at 260; City of Ocean City v. Maffucci, 326 N.J. Super. 1, 15 (App. Div. 1999).  However, it is a "well-settled principle" that "parties, by agreement, may waive statutory and constitutional rights."  Midland

12

Funding, L.L.C. v. Giambanco, 422 N.J. Super. 301, 310 (App. Div. 2011) (emphasis added) (citing LaManna v. Proformance Ins. Co., 184 N.J. 214, 226 (2005)). Therefore, although the date of the taking would usually govern had defendants shown a change in the property value separate from the government action, there is no reason to find the stipulation in this case unenforceable.

In sum, we reverse the trial court's admission of the defense expert's valuation testimony insofar as it violated the project influence rule, but we affirm the court's use of the stipulated valuation date.

Reversed and remanded for a new trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division